[Civ. No. 24206.   First Dist., Div. Four.   July 26, 1967.]

CHARLES J. RODRIGUEZ, Plaintiff and Appellant, v. NORTH AMERICAN AVIATION, INC., et al., Defendants and Respondents.

Eugene V. McPherson for Plaintiff and Appellant.

Flint & MacKay and Edwin Freston for Defendants and Respondents.

DEVINE, P. J.—This is an action for slander. Demurrer to the second amended complaint (referred to herein as "the complaint") was sustained with leave to amend, but plaintiff declined to amend and judgment of dismissal followed.

In general, the complaint charges that defendants conspired, on or about October 9, 1962, to defame and to disparage plaintiff in matters connected with his occupation and profession; that one of the defendants made slanderous statements about plaintiff on that date, in furtherance of the conspiracy; that certain defendants made slanderous statements in effecting the conspiracy on October 31, 1963; that a republication by another person, not a defendant, was made on December 9, 1963, which republication defendants had reason to believe would be made.

The complaint charges that as a result of the conspiracy and of the acts in pursuance of it, plaintiff was demoted on October 9, 1962, and was relieved of certain duties; but no monetary damage particularly allocable to this publication is alleged. Appellant was discharged on October 31, 1963, from his employment as a result of the conduct of the defendants in furtherance of the conspiracy, has been unable to secure employment since then, and will be unable to secure employment "for some time to come." Plaintiff's original pleading was filed on October 13, 1964.

The demurrer and the rulings on it (which the judge made

by reference to parts of the points and authorities which were submitted in support if it) are summarized as follows:

*Demurrer sustained on grounds*: (1) The alleged republication of December 9, 1963, states no cause of action; (2) the complaint attempts to state several causes of action which are barred by the statute of limitations; (3) the complaint fails to allege properly the words alleged to have been spoken on October 9, 1962; (4) the complaint fails to give a proper allegation of special damages.

*Demurrer overruled on grounds*: (1) The words uttered were privileged; (2) malice in fact is not pleaded; (3) the complaint fails to make adequate allegation of conspiracy; (4) the complaint fails to state separately several alleged causes of action.

We shall examine the points on which the demurrer was sustained; the other points are referred to but incidentally.

### 1. *The Republication of December 9, 1963*

Appellant states in his opening brief that he does not contend that this incident constitutes a cause of action. He asserts that it was alleged in order to show the extent of the original publication, in the matter, presumably, of damages. We find it unnecessary to discuss the subject of admissibility of evidence on this point, because the stage at which such argument would arise, and all of the circumstances which would be relevant, are far removed. It is enough to say that appellant does not object to the court's ruling that no cause of action is stated in the allegations about the republication of December 9, 1963.

### 2. *The Statute of Limitations*

It is to be noted that the demurrer itself (which, of course, is the recognized pleading under Code of Civil Procedure section 430, a section which designates the only grounds upon which demurrer lies) is somewhat different from the "points" as stated in the points and authorities to which the court refers in its order. The demurrer reads: "2. The Complaint does not state facts sufficient to constitute a cause of action, in that the acts complained of are barred by the provisions of Section 340, subdivision 3 of the Code of Civil Procedure." This is a challenge to the *whole complaint* on the ground of the statute of limitations. The "point" (No. 5) says that the "Complaint attempts to state several causes of action which are barred by the statute of limitations." But nowhere

in the argument on the "point" and nowhere in respondents' brief on appeal is there direct challenge, on grounds of limitation of actions, to the alleged publication of October 31, 1963, which, the original complaint having been filed on October 13, 1964, unquestionably was within the statutory period. It was this publication on October 31, 1963, which, if the allegations are true, led immediately to plaintiff's loss of employment. In a civil action for conspiracy, the gist is the damage resulting to the plaintiff from an overt act or acts done pursuant to the common design. (*De Vries* v. *Brumback,* 53 Cal.2d 643, 649 [2 Cal.Rptr. 764, 349 P.2d 532] ; *Mox, Inc.* v. *Woods,* 202 Cal. 675, 677 [262 P. 302].) Thus although the conspiracy itself is alleged to have been formed and in operation more than a year before filing of the complaint, the actionable wrong of October 31, 1963, was within the year.

Respondents seem to argue that they had to challenge the whole complaint even though part (the October 31, 1963, publication) was not barred, because there were causes which were not separately stated. But the court overruled the demurrer as based on failure to state causes separately. If the court had ruled that plaintiff had stated separate, independent defamations faultily *because* the acts were not separately stated, perhaps plaintiff would have had to amend and would have amended. As the ruling stands, his complaint is wholly barred by the statute of limitations. Besides the authority cited by respondents, 2 Chadbourn, Grossman & Van Alstyne, California Pleading, section 1266, does not sustain their proposition that they have attacked nonseparately stated causes in the manner suggested by this very useful treatise. The authors say: "Thus, we believe, defendant may and should frame his demurrer so that it is directed *to those portions of the complaint* setting forth the claim which is barred or the claims which are barred." (Italics added.) Respondents' demurrer was to the whole complaint.

We turn from the undeniably live cause arising from the alleged publication of October 31. 1963, to the allegation about conspiracy and slander on October 9, 1962. (We need not discuss the statute of limitations as to the alleged republication of December 9, 1963, which appellant disclaims as a separate cause.) Appellant urges that the October 9, 1962, publication is not barred because, he says, where there is a civil conspiracy, the statute of limitations does not begin to run until the last overt act in pursuance of it has been done.

He cites *Schessler* v. *Keck,* 125 Cal.App.2d 827 [271 P.2d 588], which does so hold. Respondents reply that conspiracy is not an independent tort, and that each wrongful act done in pursuance of a conspiracy must be tested separately, and that the testing includes measuring the case by the statute of limitations. Respondents argue that we should disregard the *Schessler* case as one wrongly decided because, they point out, it was largely based on the rule in criminal cases (*People* v. *Hess,* 104 Cal.App.2d 642, 678 [234 P.2d 65], having been cited as the sole California case on limitations in *Schessler,* at p. 832) ; but in the criminal law conspiracy is an independent and continuing crime.

There are but few cases anywhere on the application of the statute of limitations to cases of civil conspiracy, and it has been said that these few "present a melange of inconsistent, irreconcilable, even contradictory statements of general 'rules' relating to the subject." (62 A.L.R.2d 1369, 1385; *State* v. *New York Movers Tariff Bureau, Inc.,* 48 Misc.2d 225 [264 N.Y.S.2d 931, 938].) We have not been cited any case, nor has our research produced one, in which one overt act committed within the statutory period and one prior thereto executed in pursuance of a conspiracy, have been considered in relation to the statute of limitations, except *Schessler* v. *Keck, supra,* and in that case the issue is not clear-cut. *Agnew* v. *Parks,* 172 Cal.App.2d 756, 765 [343 P.2d 118], cited by respondents, is distinguishable in that the alleged conduct of defendants consisted of separate, distinct, and completed acts, each of which was a violation of plaintiff's personal rights. We take it, from the allegations of the complaint in the present case, that although plaintiff was demoted and relieved of his duties as a result of the alleged slander on October 9, 1962, this was but one step in the performance of a continuing conspiracy which culminated with plaintiff's discharge on October 31, 1963. If so, no separate and complete act producing damage prior to the statutory period is asserted by plaintiff. The essence of his action is the damages caused by the October 31, 1963, publication, even though earlier acts of the defendants in pursuance of the conspiracy may have made preparation for the ultimate damage.

If, however, plaintiff were to have suffered damage and to seek recovery therefor, resulting from separate and completed acts of slander committed before the statutory period, it is doubtful that the action as to such acts and damages could

escape the bar of the statute of limitations. Since it seems to us that plaintiff does not claim separate damages from acts earlier than the one alleged to have occurred on October 31, 1963, we think it unnecessary at this time to go farther into largely unexplored territory. If the case proceeds to trial, there will be many opportunities provided by legal process for the court and the parties to define the issues. Often at the time of demurrer, the parties on both sides are engaged in arguments on hypothetical situations which, as time goes on, are shown to be removed from the actual facts. As an example, the case of *Schessler* v. *Keck, supra,* 125 Cal.App.2d 827, came to an end with the sustaining of a summary judgment for defendants in *Schessler* v. *Keck,* 138 Cal.App.2d 663 [292 P.2d 314]. We deem it sufficient, therefore, to say that the judgment of dismissal was erroneous because the October 31, 1963, publication was clearly not barred, and to give the foregoing comments as to the October 9, 1962, publication.

### 3. *Uncertainty of Allegation*

There is perhaps some uncertainty in the allegation relating to what was said on October 9, 1962, but it is a small matter and whatever ambiguity there is can be resolved easily by discovery proceedings.

### 4. *Allegation of Special Damages*

Respondents' argument against the sufficiency of the allegation of special damages, like their argument on the statute of limitations, omits any reference to the alleged publication of October 31, 1963, the one which, according to appellant, led immediately to his dismissal. Nor was there any challenge made in respondents' brief to the trial court about special damages in respect of the October 31, 1963, publication. Anyway, the alleged defamation was that appellant was "not a competent engineer" and was "a traitor to the company." These statements are defamatory per se. (*Washer* v. *Bank of America,* 21 Cal.2d 822 [136 P.2d 297, 155 A.L.R. 1338]; Civ. Code, § 46, subd. 3.) No allegation of special damage, therefore, is necessary. (*Washer* v. *Bank of America, supra,* p. 829.) The statements alleged to have been made on October 9, 1962, are very similar to those made at the later date; and the same rule applies.

Respondent North American Aviation argues that loss of earnings could not be charged against it in any event, because the company could have terminated appellant's employment

at will. But the allegations as to damages against North American Aviation relate not to the loss of salary from North American Aviation but to loss of employability by others following appellant's separation from his employer, a loss alleged to have been caused by the defamation.

The purported appeal from the order sustaining the demurrer is dismissed. The judgment is reversed, with instructions to the court to overrule the demurrer.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied August 25, 1967, and respondents' petition for a hearing by the Supreme Court was denied September 21, 1967.