[Civ. No. 39148. Second Dist., Div. Two. Oct. 31, 1972.]

CHARLES J. RODRIGUEZ, Plaintiff and Appellant, v.
NORTH AMERICAN ROCKWELL CORPORATION et al.,
Defendants and Respondents.

**COUNSEL**

Eugene V. McPherson for Plaintiff and Appellant.

Flint & MacKay, Edwin Freston and Stephen F. Harbison for Defendants and Respondents.

**OPINION**

**HERNDON, J.—**

*Statement of the Case*

Plaintiff appeals from an adverse judgment entered after the granting of defendants' motion made at the conclusion of plaintiff's case pursuant to Code of Civil Procedure section 631.8. Appellant has characterized his action as one to recover damages "for conspiracy to commit slander."

For several years prior to his discharge in the latter part of October 1963, appellant had been employed by respondent North American Aviation, Inc. (North American) as an engineer in its Rocketdyne Division. For some time prior to October 9, 1962, appellant had been employed as supervisor of the Experimental Aerodynamics Facility of the Rocketdyne Division.

The named defendants, in addition to North American, are Edward Monteath, Samuel R. Logan and S. F. Iacobellis, each of whom was an executive at North American occupying a position superior to that of appellant.

The developments which led to appellant's demotion and to his ultimate discharge occurred during a visit to the facility of which appellant was supervisor by one Thompson, a representative of the National Aeronautics Space Administration (NASA) with which North American had three substantial contracts in the course of performance. During his visit Thompson concluded that the contracts were not being properly performed by North American and, pursuant to his recommendation, all three contracts were cancelled by NASA. Respondents subsequently declared their belief that appellant's conduct in his dealings with Thompson involved insubordination, failure to carry out his responsibilities and the exercise of bad judgment. Respondents attributed the loss of the NASA contracts to appellant's errors of omission and commission.

### The Pleadings

Appellant's original complaint was filed on October 13, 1964. Demurrers to this pleading and to the first and second amended complaints were sustained. A judgment of dismissal entered after appellant had elected to stand on his second amended complaint was reversed by Division Four of the First District in *Rodriguez* v. *North American Aviation, Inc.,* 252 Cal.App.2d 889 [61 Cal.Rptr. 579].

The complaint upon which this cause proceeded to trial alleges three publications of statements as follows: (1) A statement made by one of the respondents on October 9, 1962 that "The company takes a dim view of your cooperation with Thompson. You are a traitor to the company, and an unfit member of management. You are incompetent." (2) A statement made by two of the defendants on October 31, 1963 that "You have been unproductive. You are not a competent engineer. You are a traitor to the company." (3) An allegation that on December 9, 1963, the foregoing statements were republished by a person not a defendant. In the

decision of the former appeal it was held that the third alleged publication did not give rise to a cause of action.

By their answer respondents pleaded in defense that: (1) No defamatory publication was made as alleged in the complaint; (2) The alleged cause of action concerning the claimed publication of October 9, 1962 was barred by the statute of limitations; (3) Any defamatory statement made by any defendant was the subject of a qualified privilege pursuant to Civil Code section 47, subdivision 3; (4) To the extent that any statement was made that plaintiff had failed to fulfill his responsibilities at North American, such statement was true.

### The Trial

At the trial appellant called some 12 witnesses including each of the three individual defendants and three other employees of North American who were called pursuant to Evidence Code section 776. Appellant also took the stand and testified at length in his own behalf. As above stated, respondents' motion for judgment pursuant to Code of Civil Procedure section 631.8 was made and granted.

### The Findings of Fact

The trial court made findings of fact which, for reasons hereinafter stated, we hold sufficient to decide every basic and determinative issue of fact. We further hold that all of the trial court's findings are adequately supported by substantial evidence. The following of the findings support the judgment:

"4. During the week of on or about October 1 to October 5, 1962, NASA performed a review of the NORTH AMERICAN test facility for which plaintiff was responsible. In connection therewith, plaintiff was instructed by Samuel R. Logan, his immediate supervisor, that plaintiff was to keep his supervision informed of the status of said review and that certain equipment was not to be tested during said review. Plaintiff violated said instructions and failed to carry out his responsibilities as supervisor and in respect of the management of said test facility in each of the following particulars, among others: Plaintiff failed to keep his supervision informed of the status of said review, and plaintiff permitted the testing of said equipment which was not to be tested. By reason of the foregoing, on or about October 9, 1962 plaintiff was reclassified from a supervisor to Senior Technical Specialist as aforesaid.

"5. At the time plaintiff was advised of his reclassification on October 9, 1962, Edward Monteath stated to plaintiff that plaintiff had not carried

out his responsibilities as a member of management by reason of his failure to carry out his instructions regarding the review by NASA and by reason of his failure to exercise good judgment in respect thereof. At the time plaintiff was so advised, the only persons present were plaintiff and the defendants, Monteath, Logan and Iacobellis. At said time each of said persons had an interest in the subject matter of said statement in that each of said defendants was in a direct line of supervision over the plaintiff. No other person heard said statements made by defendant Monteath to the plaintiff, and it was not reasonably foreseeable that said statements would be republished. At the time of making such statements Edward Monteath had reasonable grounds to believe that said statements, and each of them, were true and in fact did believe that said statements were true. At no time material hereto did the defendants, or any of them, have any intent or design to injure or disgrace or defame the plaintiff, nor did any defendant bear any malice in fact toward the plaintiff. The Court further finds that the gist or sting of said statements made by defendant Edward Monteath to the plaintiff is that the plaintiff failed to carry out his responsibilities as a supervisor and member of management of NORTH AMERICAN; that said gist or sting is in fact true. . . .

"6. Except as found in the preceding paragraph, no defendant made any derogatory or defamatory remarks concerning the plaintiff on or about October 9, 1962, October 31, 1963, December 9, 1963 or at any other time as alleged in the Second Amended Complaint. . . ."

### The Findings of Fact Are Supported by Substantial Evidence

The greater part of appellant's argument is devoted to the contention that the trial court's findings are not supported by the evidence and are contrary to "the overwhelming evidence in the record." It appears that appellant's argument amounts to nothing more nor less than a contention that the trial court should have accepted as true the testimony of appellant on direct examination and should have disregarded the testimony elicited from appellant on cross-examination and from the other witnesses including the individual respondents.

The gross misconception of law upon which appellant's entire argument proceeds is betrayed by the following statement made in his opening brief: "On an appeal from the granting of the defense motion for judgment [under Code of Civil Procedure section 631.8], the truth of plaintiff's evidence must be assumed, see *Franco Western Oil Company* v. *Fariss, 259 Cal.App.2d 325.*"

The decision cited by appellant in the foregoing quotation directly con-

tradicts the statement of law for which appellant cites it. At pages 328-329 [259 Cal.App.2d] the decision correctly states the law as follows: "In *Greening* v. *General Air-Conditioning Corp.* (1965) 233 Cal.App.2d 545, at pages 550-551 [43 Cal.Rptr. 662], this court stated the purpose of the 'motion for judgment' created by the 1961 enactment of Code of Civil Procedure, section 631.8 and the distinction between a reviewing court's permissible perspective in considering the evidence on an appeal from such a granted motion and its function when a granted nonsuit is involved. In the latter review the truth of the plaintiff's evidence must be assumed. ██ *'The new motion-for-judgment procedure requires the trial judge to weigh the evidence . . '. [and make findings] . . . . If the motion is granted, his findings are entitled to the same respect on appeal as any other findings and are not reversible if supported by substantial evidence. [Citations.]' (P. 550.)"* (Italics added.)

More recently the well-settled law governing appellate review of the instant judgment was stated as follows in *Charles C. Chapman Building Co.* v. *California Mart,* 2 Cal.App.3d 846, 853 [82 Cal.Rptr. 830]: ██ "The findings of a trial court made after granting a motion for judgment pursuant to Code of Civil Procedure, section 631.8 are entitled to the same respect on appeal as are any other findings of a trial court, and are not erroneous if supported by substantial evidence. [Citations.] Where two or more inferences reasonably can be drawn from the facts, an appellate court is without power to substitute its deductions for those of the trial court. [Citations.] The rules applying to appellate review of a nonsuit granted in a jury trial are not applicable. [Citation.] ██ We treat the court's findings made pursuant to granting a motion under Code of Civil Procedure, section 631.8 as though made after a trial in which evidence was produced by both sides; thus the evidence is viewed in the light most favorable to respondents. [Citation.]"

██ As aptly stated in *Simon* v. *Simon,* 260 Cal.App.2d 626, 631 [67 Cal.Rptr. 317]: " 'With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; . . .' [Citations.] ██ Moreover, it is incumbent upon the appellant who contends that the evidence is insufficient to set forth the evidence in support of the judgment and indicate wherein it is insufficient." (Italics in original.)

Appellant's mistaken notion that the rules governing appellate review of a judgment of nonsuit are applicable here undoubtedly explains his selective statement of the evidence in violation of the rules of law recently

restated by the Supreme Court in *Foreman & Clark Corp.* v. *Fallon,* 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362]: " 'It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact.' [Citations.] Defendants' contention herein 'requires defendants to demonstrate that there is *no* substantial evidence to support the challenged findings.' (Italics added.) [Citations.] A recitation of only defendants' evidence is not the 'demonstration' contemplated under the above rule. [Citation.] Accordingly, if, as defendants here contend, 'some particular issue of fact is not sustained, they are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed to be waived.' (Italics added.) [Citations.]"

Despite appellant's waiver of his major assignment of error, we have reviewed the record which reveals that the evidence, and particularly the testimony of the witnesses called by appellant under Evidence Code section 776, provides abundant support for each of the challenged findings. In addition, our review discloses that appellant's credibility was seriously impaired by his own self-impeaching testimony.

> *The Trial Court Did Not Err in Granting Respondents'*
> *Motion to Quash a Subpoena Duces Tecum Designed to*
> *Elicit Disclosure of Privileged Communications.*

Appellant complains of the trial court's order granting respondents' motion to quash a subpoena duces tecum designed to elicit information contained in reports made by employees of North American for transmission to respondents' attorneys. Respondents moved to quash the subpoena on the grounds that it sought material covered by the attorney-client privilege and that the material also constituted work product.

The trial court found that North American required its employees to make the reports in question and that they were made after the commencement of this action for confidential transmittal to respondents' attorneys. In granting respondents' motion, however, the court held the matter open by extending to appellant an opportunity to examine the persons who had filed declarations in support of the motion to quash. Appellant did not avail himself of this opportunity.

Evidence Code sections 950-962 provide that, subject to exceptions not applicable in the present case, confidential communications between an attorney and his client cannot be disclosed to a third party unless the privilege is waived by the client. This privilege applies to corporate parties

as well as to natural persons. (Evid. Code, §§ 175, 951; *D. I. Chadbourne, Inc.* v. *Superior Court,* 60 Cal.2d 723, 736 [36 Cal.Rptr. 468, 388 P.2d 700].)

In the present case the evidence strongly supports the finding that reports were made solely for the purpose of preparing for the defense of this action and that they were required and made for confidential transmittal to respondents' counsel. The applicable rules of law are enunciated in *Chadbourne, supra,* and in *People* ex rel. *Dept. of Public Works* v. *Glen Arms Estates, Inc.,* 230 Cal.App.2d 841, 862 [41 Cal.Rptr. 303]. (See also, *Sierra Vista Hospital* v. *Superior Court,* 248 Cal.App.2d 359, 368-369 [56 Cal.Rptr. 387].)

Appellant has made arguments in support of other assignments of error which we reject as unmeritorious and not sufficiently substantial to merit specific discussion. ▉ We conclude that substantial evidence supports findings of fact which, as a matter of law, required the entry of judgment in favor of respondents.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 29, 1972.