[No. B100474. Second Dist., Div. Seven. Sept. 2, 1997.]

STEPHANIE ROTH, Plaintiff and Appellant, v.
MARIE CLARISSE PARKER et al., Defendants and Respondents.

## COUNSEL

Raoul Y. Roth for Plaintiff and Appellant.

Even, Crandall, Wade, Lowe & Gates, Robert E. Murphy, Richard P. Petersen, Spray, Gould & Bowers, Richard C. Turner, Michael W. Champ and Kathleen K. Andrews for Defendants and Respondents.

## OPINION

**LILLIE, P. J.**—In this automobile accident case tried to the court sitting without a jury, plaintiff appeals from "the court's refusal to recuse itself prior to trial, and from the judgment of nonsuit" entered in favor of defendants Marie Clarisse Parker and Raoul Perez. On appeal, plaintiff challenges the court's denial of her oral motion that the judge recuse himself, the granting of the motion for judgment, and portions of the award of costs awarding Parker expert witness fees.

## Factual and Procedural Background

Our record, which contains only a partial reporter's transcript, consists of the testimony of plaintiff Stephanie Roth (Roth). According to Roth, she had been partying with her teenage friends on Halloween in 1992; in the early morning hours of November 1, after having consumed about five beers, she was a front seat passenger in a Volkswagen Fox automobile going westbound on Romaine through the intersection with Crescent Heights Road; the Volkswagen, owned by defendant Marie Clarisse Parker (Parker), was being driven by defendant Raoul Perez (Perez); another friend was on Roth's lap in the front passenger seat and three other friends were in the back; Perez rolled through the stop sign for westbound traffic on Romaine at about 5 to 10 miles per hour and was halfway through the intersection when the Volkswagen was broadsided by a red car going southbound on Crescent Heights at between 50 and 70 miles per hour.[1]

Traffic on Crescent Heights apparently was not regulated by stop signs. Before the accident, Roth saw the red car coming from the north when it was about 20 feet away; its headlights were on; looking north, she could see as far as 2 blocks to Santa Monica Boulevard.[2] After impact, the Volkswagen rolled over two times and came to rest upside down on a fire hydrant. Roth's collarbone was broken in the accident. Several other witnesses testified for plaintiff, apparently as to the issue of damages, but there were no other witnesses on the issue of liability.

After Roth rested her case, defendants Parker and Perez moved for judgment on the ground that plaintiff "put on absolutely no evidence that the statutory violation regarding the failure to come to a complete stop at a stop sign was the cause in fact of the subject accident." After argument, the court stated, "Based on the . . . evidence that the court has heard, and based on the case law and—and the issue of causation, the court has granted the defendants' motion for a nonsuit. And so the court will enter a judgment of nonsuit . . . . It is an adjudication as to the merits."[3]

Judgment was entered and an award of costs made to Parker and against Roth in the amount of about $7,700. Roth filed notice of appeal "from the

---

[1]Roth apparently had sued defendant Voytek Kochanek as the driver of the red car, but a nonsuit was granted as to Kochanek on the ground that there was no evidence establishing that he drove the car. Roth has not appealed the judgment as to Kochanek.

[2]Perez, the driver of the Volkswagen, did not testify at trial. Although Roth saw the red car approaching prior to the accident, there is no evidence that Perez saw the car approaching, or could even see through the passenger window to the north, given the fact that a teenage friend was sitting on Roth's lap in the front passenger seat.

[3]Despite the misnomer as a judgment of nonsuit, it is clear that the judgment in the instant case was a judgment on the merits under Code of Civil Procedure section 631.8, which differs from a judgment of nonsuit in a jury trial under Code of Civil Procedure section 581c. (See

court's refusal to recuse itself prior to trial, and from the judgment of nonsuit rendered on January 11, 1996 . . . in favor of Defendants."[4]

## I

### *Motion to Recuse Trial Judge*

When the case was called for trial, defendants Perez and Parker, who had posted jury fees, informed the court that they were waiving a jury trial and would prefer a court trial. Roth's counsel stated then that "[U]nder those circumstances I would request that this court recuse itself from trying this case. [¶] . . . Your honor participated intensely . . . in a mandatory settlement conference. And there have been ex parte communications to the court by both sides. The court seemed to have formed [an opinion on the] value of this case. . . . [¶] And while I understand this court is fair, there is some, we can see, pressures here that I think—I don't think my client could obtain a completely fair and impartial trial with Your Honor as the trier of fact."

The court responded, "Well, Mr. Roth . . . to take your position to an extreme, no IC [i.e., individual or all-purpose calendar] court could ever participate in any settlement conference other than pro forma settlement discussions. . . . [¶] . . . And there's nothing that I know of that indicates that a judge who fully participates in a settlement conference has to automatically recuse himself or herself from . . . court trial. [¶] I don't force anybody to settle. . . . [¶] I have . . . no preconceived ideas of the case. I'm familiar with the facts of the case simply because I've read the mandatory settlement conference statements that were . . . filed and lodged. And I looked at the previous rulings . . . in the case. And so your motion for the court to recuse itself is denied."[5]

As argued by respondents, the foregoing ruling is not appealable. Further, Roth's failure to seek timely writ review of the order constitutes a forfeiture

*Rodriguez* v. *North American Rockwell Corp.* (1972) 28 Cal.App.3d 441, 447 [104 Cal.Rptr. 678].)

[4]The notice of appeal was filed February 21, 1996. According to a notice of ruling, the court on February 27, 1996, heard plaintiff's motion to tax costs as to Parker's memorandum of costs, and entered judgment in favor of Parker for costs in the amount of $7,731.85. It is unclear from our record whether a judgment was entered prior to February 27, 1996, or whether the judgment contained the cost award and was entered on February 27, 1996. In any event, the notice of appeal is timely as to the appeal from the judgment. (Cal. Rules of Court, rule 2(c).)

[5]There is nothing in our record to indicate that Roth intended to, or did make below, a peremptory challenge to the judge under the provisions of Code of Civil Procedure section 170.6, although appellant's opening brief cites that statute and argues that "The request to have Judge Enrique Romero recuse himself was timely even on a peremptory basis." Roth did not file any affidavit, declaration under penalty of perjury or make any oral statement under oath in support of the motion. (See Code Civ. Proc., § 170.6, subds. (2) & (3).) In any event, even were the motion to be deemed to be one under section 170.6, the following discussion

of her nonstatutory due process attack on the judgment on the ground of judicial bias, which constitutional issue is raised for the first time in her reply brief on appeal.

■ All litigants, in both criminal and civil cases, "who seek to challenge denial of a statutory judicial disqualification motion are relegated to writ review as described in [Code of Civil Procedure] section 170.3 [subdivision] (d)."[6] (*People* v. *Brown* (1993) 6 Cal.4th 322, 335 [24 Cal.Rptr.2d 710, 862 P.2d 710].) Thus, Code of Civil Procedure section 170.3, subdivision (d) "forecloses appeal of a claim that a *statutory* motion for disqualification authorized by section 170.1 was erroneously denied, and this preclusion applies even when the statutory basis for the motion appears to codify due process grounds for challenging the impartiality of a judge." (6 Cal.4th at p. 334.)

However, "section 170.3 [subdivision] (d) does not apply to, and hence does not bar, review (on appeal from a final judgment) of *nonstatutory* claims that a final judgment is constitutionally invalid because of judicial bias." (*People* v. *Brown, supra,* 6 Cal.4th at p. 335.) Nevertheless, "[i]n order to give maximum effect to the Legislature's clear intent that disqualification challenges be subject to prompt review by writ (*Hull, supra* 1 Cal.4th at p. 275), we conclude that a litigant may, and should, seek to resolve such issues by statutory means, and that his negligent failure to do so may constitute a forfeiture of his constitutional claim." (6 Cal.4th at p. 336.) Moreover, in civil cases, a constitutional question must be raised at the earliest opportunity or it will be considered to be waived. (*In re Marriage of Christie* (1994) 28 Cal.App.4th 849, 865 [34 Cal.Rptr.2d 135].)

■ We thus conclude that the appeal from the order denying her motion to recuse the trial judge must be dismissed as the order is not appealable.

With respect to the constitutional challenge, we conclude that appellant, having failed to seek writ review of the order, has forfeited any nonstatutory constitutional challenges to the judgment. Inasmuch as the constitutional issue was not raised below, and was raised only in her reply brief on appeal,

---

would apply to such motion, as the denial of a section 170.6 motion is governed by Code of Civil Procedure section 170.3, subdivision (d), which prescribes a petition for writ of mandate as the exclusive means of appellate review of an unsuccessful section 170.6 motion. (*People* v. *Hull* (1991) 1 Cal.4th 266, 272-273 [2 Cal.Rptr.2d 526, 820 P.2d 1036].)

[6]Code of Civil Procedure section 170.3, subdivision (d) provides: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding."

we conclude that the issue has been waived. Even were we to address the merits of the constitutional claim, we would find it to be without merit on the ground that there is no evidence of judicial bias on this record. Appellant failed below to submit any declaration of prejudice or to make any oath establishing the basis for her claim of bias; no statement of disqualification was filed pursuant to Code of Civil Procedure section 170.3, subdivision (c)(1).

We also note that the mere fact that Judge Romero participated in settlement discussions is not a proper ground for disqualification under Code of Civil Procedure section 170.2, which provides that "It shall not be grounds for disqualification that the judge: [¶] (b) Has in any capacity expressed a view on a legal or factual issue presented in the proceeding, except as provided in paragraph (2) of subdivision (a) of, or subdivision (b) or (c) of, Section 170.1." The foregoing provisions deal with the situations where the trial judge had served as a lawyer in the proceeding, where the trial judge participates in any appellate review of the proceeding, and where the appellate court may direct further proceedings before a trial judge other than the judge whose judgment or order was reviewed on appeal. None of those exceptions are raised here.

For all of the foregoing reasons, we conclude that appellant's constitutional challenge to the judgment on the ground of judicial bias lacks merit.

II

*Motion for Judgment*

■ " 'The purpose of Code of Civil Procedure section 631.8 is to enable a trial court which, after weighing the evidence at the close of the plaintiff's case, is persuaded that the plaintiff has failed to sustain his burden of proof, to dispense with the need for the defendant to produce evidence. [Citations.]' [Citation.] Thus, section 631.8 serves the same purpose as does section 581c, which permits the court to grant a nonsuit in a jury trial. [Citation.] However, unlike a motion for nonsuit which may be brought only by the defendant, a section 631.8 motion may be brought by either party. Generally, however, it is the defendant who brings the motion." (*National Farm Workers Service Center, Inc.* v. *M. Caratan, Inc.* (1983) 146 Cal.App.3d 796, 807 [194 Cal.Rptr. 617].)

■ The substantial evidence standard of review applies to judgment given under Code of Civil Procedure section 631.8; the trial court's grant of the motion will not be reversed if its findings are supported by substantial

evidence. (*Jordan* v. *City of Santa Barbara* (1996) 46 Cal.App.4th 1245, 1255 [54 Cal.Rptr.2d 340].) Because section 631.8 authorizes the trial court to weigh evidence and make findings, the court may refuse to believe witnesses and draw conclusions at odds with expert opinion. (46 Cal.App.4th at p. 1255.)

 Appellant fails to address the applicable standard of review; rather, she argues that "Had [Perez] stopped at the stop sign as required by Vehicle Code section 21802 and then yielded to all vehicles that 'constituted an immediate hazard,' the accident would not have occurred." The problem with appellant's argument is that the trial court was entitled to disbelieve Roth's account of the accident, particularly given her admission that she had consumed five beers before the accident. In addition, no other witness was called to testify on the issue of liability. Thus, the trial court was entitled to conclude that Roth had not met her burden of proof on the issue of causation.

As stated by the court in *Greene* v. *M. & S. Lumber Co.* (1951) 108 Cal.App.2d 6 [238 P.2d 87], "But it still remains to decide whether or not this conduct, negligent though it was, was a proximate cause of the ensuing collision. 'Before a violation of a statute can be negligence *per se* so as to impose liability it must be shown that the violation was a proximate cause of the injury.' [Citation.] 'The fact that . . . respondent may have violated one or more traffic regulations does not necessarily mean that he was chargeable with contributory negligence; to bar recovery on that ground it would be necessary to show that such violation directly or proximately contributed to the accident and resulting injuries.' " (*Id.* at p. 10.)

 In this case, the trial court reasonably could have disbelieved Roth's account of the accident and concluded that there was thus insufficient evidence to establish that the accident would not have occurred had Perez come to a stop at the stop sign. Even if the trial court had believed Roth's testimony, it still reasonably could have refused to draw any inferences in her favor because there was no testimony as to the visibility to the driver, Perez, of cars on Crescent Heights Road, as to the number of feet per second the red car was traveling, the distance it traveled, and its path of travel. Thus, the trial court reasonably could have concluded that there was insufficient information to establish that had Perez stopped at the stop sign, rather than rolling slowly through it, the accident would not have occurred. Because the trial court was entitled to weigh the evidence and reasonably could have concluded that Roth failed to meet her burden of proof on the element of causation, substantial evidence supports the granting of the motion for judgment under Code of Civil Procedure section 631.8.

## III

### *Cost Award*

 We have no jurisdiction to review the discretionary cost award of Parker's expert witness fees because appellant's notice of appeal does not expressly or by implication state that she appeals from such award, which was apparently rendered on February 27, 1996, *after* the notice of appeal was filed on February 21, 1996. Under such circumstances, a discretionary cost award is not reviewable on an appeal from the judgment; rather it is a separately appealable order. (*Fish* v. *Guevara* (1993) 12 Cal.App.4th 142, 147-148 [15 Cal.Rptr.2d 329].) Even had the ruling on costs been properly appealed, we would have to affirm it on the ground that appellant fails to show any abuse of discretion, as the record fails to contain the defendants' memorandum of costs, opposition that may have been filed to plaintiff's motion, the order awarding costs, or the record of the hearing on Roth's motion to tax costs.

### DISPOSITION

The appeal from the order denying the motion to recuse the trial judge is dismissed. The judgment is affirmed. Respondents are entitled to their costs on appeal.

Johnson, J., and Neal, J., concurred

Appellant's petition for review by the Supreme Court was denied December 10, 1997.