Filed 4/13/15  Ghee v. Pleasant CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| NORASTINE GHEE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ALEXIS PLEASANT,<br><br>    Defendant and Respondent. | B253714<br><br>(Los Angeles County<br>Super. Ct. No. BC477862) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Affirmed.

Law Offices of H. Michael Soroy, H. Michael Soroy, Peter C. Ver Halen and Kristin A. Ingulsrud for Plaintiff and Appellant.

Manly, Stewart & Finaldi and Paul J. Sievers for Defendant and Respondent.

_____

Plaintiff Norastine Ghee and her daughter defendant Alexis Pleasant owned two investment properties, holding title as joint tenants. After a dispute concerning the management of the properties, plaintiff commenced this action to quiet title to one property and to partition the other property. Plaintiff sought title exclusively in her name on the basis that when she conveyed the first property, the Sycamore property, to herself and defendant as joint tenants, she did so for the sole purpose of obtaining financing to purchase the second property, the MLK property. Plaintiff sought to partition the second property according to the parties' respective contributions. The trial court granted defendant's motion for judgment, holding that plaintiff had not rebutted the title presumption of joint tenancy, and ordered the appointment of a referee to partition and sell both properties.

On appeal, plaintiff contends the trial court erred because (1) the evidence was sufficient to quiet title in her name on the first property because defendant understood she was not receiving an equitable interest in the property; (2) the evidence was sufficient to establish the parties' interests in the second property were not evenly divided; and (3) ordering partition of the properties was improper because the court held plaintiff did not prevail on her claims. After the trial court denied her motion to stay execution of the judgment, plaintiff did not post a bond to stay execution of the judgment and both properties were partitioned and sold. As the issue of partition is now moot, we affirm the trial court's judgment denying plaintiff's claim for quiet title and affirm the trial court's judgment partitioning the properties, and affirm its judgment dividing the second property into equal shares.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### 1. *Factual Background*

Plaintiff and defendant are mother and daughter, respectively. Defendant is plaintiff's only child and plaintiff raised defendant, who was born in 1982, as a single mother.

2

Plaintiff owned a four-unit apartment building on South Sycamore Avenue that she purchased in May 1993 for $250,000. In 2008, because plaintiff had built up a lot of equity in the Sycamore property, she decided to buy another investment property. An appraisal of the Sycamore property valued it at about $900,000.

In September 2008, plaintiff by deed added defendant as an owner of record in joint tenancy in the Sycamore property for the purpose of qualifying for a more favorable refinance of the property. The deed of trust on the Sycamore property was $475,000, and both plaintiff and defendant were parties to the loan. The proceeds of the loan were issued to both plaintiff and defendant. Plaintiff contended she did not intend to enter into any type of joint venture with defendant, but admitted that one reason for executing the deed in favor of defendant was to ensure that the property would pass to defendant in the event plaintiff predeceased her.

In late 2009, the parties refinanced the Sycamore property, but at the time plaintiff did not remove defendant from title.

In late 2008, plaintiff and defendant purchased for $410,000 a four-unit apartment building located on West Martin Luther King Jr. Boulevard, taking title as joint tenants. Plaintiff contributed approximately $114,000 in cash to the purchase, and defendant contributed $5,000. The remainder of the purchase price was financed with loan secured by a deed of trust. Since that time, plaintiff has invested $40,000 of her own money to improve the King property, while defendant contributed $11,000 towards improvements. Plaintiff has made all of the mortgage payments on the properties.

In 2010, they went to their accountant and the parties decided that defendant should take advantage of the "first time buyer" program on the King property, under which defendant would live in the building for three years and get a tax refund. Defendant resided in one of the units without paying rent from January 2010 through June 2011. Plaintiff also asserted defendant moved into the unit to make the building look "more appealing" because they had a difficult time finding tenants. Defendant did not act as an on-site manager.

3

Defendant used the King expenses on her taxes, while plaintiff used the Sycamore expenses on her taxes. After defendant moved out of state in 2011, plaintiff did not rent out defendant's unit in the King property until 2012.

The King property operated at a loss, while the Sycamore property turned a profit.

Defendant did not ask for any of the rental income from Sycamore or King, nor did plaintiff offer her any.

Beginning in late 2011, defendant began to assert that she was an equitable owner of the Sycamore property, although her name had only been placed on the deed to secure financing. Defendant demanded that they establish a partnership, and asked for an accounting and a distribution of her one-half share of the income. Plaintiff did not believe defendant prepared any partnership papers. In July 2011, plaintiff allegedly withdrew all funds from the joint ventures bank account and prohibited defendant from receiving any compensation from the properties, instead converting the rentals to plaintiff's own use.

The parties had a checking account at Wells Fargo in the name of "A&N Property Management" during the period 2008 to 2011. Defendant had access to the account as a signatory, and had an ATM card. Plaintiff claimed, however, that "it was under my account and just as an additional signer and user." In 2011, plaintiff changed the name of the account to her own name, Norastine Ghee dba NG Properties.

Several leases on the Sycamore property listed defendant as an owner.

2.      *Complaint and Cross-complaint*

Plaintiff's complaint filed January 26, 2012 stated claims for quiet title and partition. Plaintiff sought cancellation of the grant deed conveying a one-half interest in the Sycamore property to defendant; a determination of the parties' respective shares in the King property based on their contributions; and an order that the King property be sold and its net proceeds divided between plaintiff and defendant.

Defendant's cross-complaint for damages stated claims for breach of fiduciary duty, conversion, breach of contract, and common counts.

4

*3.      Trial; Statement of Decision*[1]

Plaintiff argued in her trial brief that defendant had agreed to become a joint tenant on the Sycamore property for the sole purpose of obtaining financing to purchase the King property and defendant's name on the title to the property did not conclusively establish she had an interest in the property because neither party intended that defendant would obtain an equitable ownership in the Sycamore property. According to plaintiff, under the Revised Uniform Partnership Act, each partner would be deemed to have an account credited with an amount equal to their contribution to the King property. Plaintiff had invested $114,000 as a down payment and expended $44,000 on repairs, while defendant had expended only $5,000 as a down payment and an additional $11,000 for repairs and other expenses.

Defendant's trial brief asserted that plaintiff deeded the Sycamore property to her as part of an agreement between the parties to jointly own and operate the property and to purchase the King property. She argued that there is a presumption that a deed conveying property to grantees as joint tenants is a joint tenancy and that the presumption may not be rebutted by evidence of a secret intent.

After a bifurcated court trial on plaintiff's equitable claims at which plaintiff presented the only testimony, defendant moved for nonsuit, and the court granted defendant's motion.

The court's statement of decision found plaintiff had failed to rebut the title presumption on the Sycamore property. The court observed that the "sole relevant controverted issue before the Court in the first phase of the trial was [plaintiff's] intent in executing the Sycamore Joint Tenancy Deed" and that this issue also determined her partition claim because the vast majority of the down payment for the King property came from the 2008 refinance of the Sycamore property. Under the legal title presumption of Evidence Code section 662, the law presumed the parties to hold the Sycamore property

[1] Bank of America, the holder of the trust deeds on the two properties, stipulated that it would not participate in the trial of the matter.

5

in joint tenancy, and plaintiff had to overcome this presumption. The court found the Sycamore property was held in joint tenancy based on plaintiff's testimony that the refinance of the property was only made possible through defendant's participating in the refinance; plaintiff's intent in granting the joint tenancy interest to defendant was to ensure that defendant would acquire the property on plaintiff's death; and there was no testimony that the Sycamore property would be held in any fashion other than as joint tenants. Further, the parties maintained joint bank accounts and jointly signed loans and rental agreements for the properties. Finally, on plaintiff's partition claim, the court found plaintiff presented no authority for the claim that the property should be divided in any way than the equal shares of a joint tenancy because the evidence on the issue established that the down payment for the King property came from a jointly financed loan on the Sycamore property.

Defendant dismissed the cross-complaint. The court ordered partition and sale of both properties in light of "the obvious dispute between the parties which resulted in the filing of this action to begin with," with the proceeds to be divided evenly among the parties.

The court filed an interlocutory judgment on December 11, 2013 ordering appointment of Kevin A. Singer as a referee to obtain an appraisal of the properties and determine whether a settlement could be reached; if no settlement could be reached, the referee was to sell the properties. Plaintiff sought a stay of the judgment, but her motion was denied. After entry of the interlocutory judgment, both properties were sold.

## DISCUSSION

### I. Standard of Review

Code of Civil Procedure section 631.8, subdivision (a) provides in relevant part that "[a]fter a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the

6

moving party, in which case the court shall make a statement of decision as provided in Sections 632 and 634, or may decline to render any judgment until the close of all the evidence." The purpose of Code of Civil Procedure section 631.8 is to """"dispense with the need for the defendant to produce evidence"""" where the court is persuaded that """"the plaintiff has failed to sustain [her] burden of proof."""" (*Roth v. Parker* (1997) 57 Cal.App.4th 542, 549.) "We apply the substantial evidence standard of review to a judgment entered under Code of Civil Procedure section 631.8, reviewing the record in the light most favorable to the judgment and making all reasonable inferences in favor of the prevailing party," and "will not reverse the trial court's order granting the motion if its findings are supported by substantial evidence, even if other evidence in the record conflicts." (*Combs v. Skyriver Communications* (2008) 159 Cal.App.4th 1242, 1263.)

## II.    Quiet Title:  Sycamore Property

A joint tenancy is a joint interest owned by two or more persons, who have equal interests among themselves. (Civ. Code, § 683.) "The joint tenants must share unity of time, title, interest and possession. A distinctive feature of joint tenancy . . . is the right of survivorship," which means that "when one joint tenant dies, the entire estate belongs automatically to the surviving joint tenant(s)." (*Grothe v. Cortlandt Corp.* (1992) 11 Cal.App.4th 1313, 1317.)

Evidence Code section 662 provides that "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." Thus, a deed conveying title to property as joint tenants creates a rebuttable presumption the property is held in joint tenancy. (*Machado v. Machado* (1962) 58 Cal.2d 501, 506.) This presumption, however, "may not be rebutted solely by evidence as to the source of the funds used to purchase the property," "[n]or can the presumption be overcome by testimony of a hidden intention not disclosed to the other grantee at the time of the execution of the conveyance." (*Gudelj v. Gudelj* (1953) 41 Cal.2d 202, 212.) Rather, it may be overcome "only by evidence tending to

7

prove a common understanding or an agreement that the character of the property was to be other than joint tenancy." (*Machado*, at p. 506.)

Here, although the issue of whether the title to the property can be quieted in plaintiff has been rendered moot by the subsequent partition and sale of the property, we find that there was substantial evidence in support of the trial court's conclusion that the property was held in a true joint tenancy. Plaintiff's testimony was at best contradictory concerning her intent with respect to the Sycamore property. On the one hand, she testified that she conveyed the property to ensure that defendant would become the owner upon plaintiff's death, which is consistent with a desire to grant a joint tenancy interest; on the other hand, she testified the property was conveyed solely to obtain a refinance. However, that refinance of the Sycamore property led to the purchase of another jointly held property, the King property, and both plaintiff and defendant were parties to the loan and trust deed on the Sycamore property.

## III. Partition

Real property partition actions are equitable in nature and are governed by statute. (Code Civ. Proc., § 872.010 et seq.) Real property may be partitioned in three ways: (1) physical division of the property (Code Civ. Proc., §§ 873.210–873.290); (2) sale of the property and division of the proceeds (Code Civ. Proc., §§ 873.510–873.850); or (3) court approved and supervised partition by appraisal. (Code Civ. Proc., §§ 873.910– 873.980.) There is a presumption that property should be divided if possible, rather than forcing a sale on someone who intended to own the property. (Code Civ. Proc., § 872.810; see *Butte Creek Island Ranch v. Crim* (1982) 136 Cal.App.3d 360, 366.)

Ordinarily, in absence of a waiver or estoppel, or other equitable defenses, each cotenant has an "absolute" right to partition the common property. (*LEG Investments v. Boxler* (2010) 183 Cal.App.4th 484, 493.) Once the court in a partition action has determined that a true joint tenancy exists, it may not order reimbursement or contribution on account of differences in the amounts the parties have paid toward the initial acquisition of the property. If one joint tenant has advanced funds on behalf of the other

8

and there is an agreement between them for reimbursement in the event of sale of the property, that agreement can be enforced by the court. However, by definition joint tenancy ownership means equal ownership (Civ. Code, § 683), and in the absence of an agreement for ownership shares other than equal halves, there is no any authority which authorizes reimbursement on account of unequal contributions to the property. (*Milian v. De Leon* (1986) 181 Cal.App.3d 1185, 1195 (*Milian*).)

The trial court commits error when it grants a remedy or relief outside the scope of the pleadings. In a contested case, the error is not jurisdictional. In *In re Marriage of Neal* (1979) 92 Cal.App.3d 834, 847 (*Neal*), both parents were parties and litigated the issues of custody and child support. Neither party requested, but the court ordered, that the father "'shall claim the two minor children as dependents for income tax purposes.'" (*Ibid.*) The *Neal* court held, "'[a] party is entitled to "any and all relief which may be appropriate under the scope of his pleadings and within the facts alleged and proved, irrespective of the theory upon which they might be alleged.'"" (*Id.* at p. 847.) The parties raised the issue of child support in the pleadings and in the extensive pretrial proceedings. Further, "'Circumstances to be considered by the trial judge in awarding . . . child support are the needs of the parties and the ability to meet those needs, including property owned, obligations to be met, ability to earn and actual earnings.'" The father's income tax liability was an obligation which was therefore subject to consideration by the court. In all events, the issue of child support was contested throughout the proceedings. Thus, the trial court did not exceed its jurisdiction in making the tax order. (*Ibid.*)

Here, because plaintiff failed to post a bond to stay execution of the judgment, both properties were partitioned and sold, the issue of whether the King property should be partitioned is moot. (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479 [appeal moot where "the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief"].) However, plaintiff has nonetheless requested that we remand the matter for a

9

determination of whether she is entitled to more than one-half of the equity in the King property because of her larger contributions. Under *Milian*, *supra*, 181 Cal.App.3d 1185, the parties as joint tenants held an undivided one-half interest, and thus, plaintiff was required to demonstrate an agreement to the contrary such that her greater contributions would entitle her to a greater than one-half interest in the property. However, at trial plaintiff failed to put on any evidence of an agreement, thus, her greater contributions, without more, did not entitle her to more than a one-half interest. We therefore affirm the trial court's partition of the King property into equal one-half shares.

Finally, with respect to any error regarding attorney fees, the issue is not properly before this court because not only has the issue not been briefed, the record does not contain any reference to an award of attorney fees.

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10