Filed 9/25/23  Theis v. Theis CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JILL A. THEIS, | B320844 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BD566197) |
| v. | |
| MARK E. THEIS, | |
| Defendant and Respondent. | |

APPEAL from postjudgment orders of the Superior Court of Los Angeles County, Bruce Iwasaki, Judge.  Affirmed.

Law Offices of James R. Eliaser and James R. Eliaser for Plaintiff and Appellant.

Law Office of Ron Rale, Ron Alan Rale; Law Offices of Joel S. Seidel and Joel Stuart Seidel for Defendant and Respondent.

_____

Appellant Jill Theis (Jill) appeals from a March 7, 2022 order denying her postjudgment requests for orders to modify spousal support, to divide a purportedly unadjudicated community asset, and for attorney fees and sanctions against her former spouse, Mark Theis (Mark). Jill also challenges an attorney fees award against her as a sanction under Family Code section 271.[1] We affirm the March 7, 2022 order and the sanctions award.

## BACKGROUND

**Request to modify spousal support**

On November 22, 2019, Jill filed a request for order (RFO) to modify spousal support, which had previously been set at zero pursuant to a stipulated judgment entered on October 22, 2013 (the 2013 stipulated judgment).[2] In a declaration filed in support of her request, Jill stated that she received on average $10,000 per month in dividends and interest but her monthly living expenses were approximately $14,000. Jill stated in her income and expense declaration that she had $5,600,000 in cash assets.

In his responsive declaration to Jill's request, Mark averred that before December 2020 he had cash assets of approximately $500,000 before receiving bonuses from his employment as a branch manager at Golden Empire Mortgage.

**Request for order to divide unadjudicated asset**

On November 23, 2020, Jill filed an RFO to divide a purportedly unadjudicated community asset—HMS Capital. Jill alleged that during the marriage, the parties owned and operated HMS Capital, a mortgage brokerage business. Jill further alleged that although Mark closed HMS Capital before the parties filed for dissolution of their marriage in 2012, he had since reopened the business.

In his responsive declaration, Mark stated that he owned and operated HMS Capital before the marriage and continued to do so until

---

[1] All further statutory references are to the Family Code.

[2] On our own motion, we augment the record to include the October 22, 2013 stipulated judgment. (Cal. Rules of Court, rule 8.155.)

ceasing operations in 2009, approximately three years before the parties separated.

On December 23, 2021, Jill filed a request for attorney fees and costs pursuant to sections 2030, 2032, 271, and rule 5.14 of the California Rules of Court. On January 5, 2022, Jill filed a request for sanctions against Mark and his counsel, superseding a previous request for sanctions she had filed on November 23, 2020. Mark opposed the requests for attorney fees and sanctions and in turn sought sanctions against Jill.

Jill's RFO's to modify spousal support, to divide an unadjudicated asset, and for attorney fees and sanctions were reassigned to Judge Bruce Iwasaki on May 27, 2021. The matters were calendared for a February 22, 2022 hearing.

The parties agreed to participate in a voluntary settlement conference before Judge Iwasaki. In a January 28, 2022 minute order, Judge Iwasaki ordered the parties to serve and file, by February 4, 2022, a settlement conference brief setting forth their respective positions and an executed waiver and consent to have him conduct the settlement conference on the matters assigned to him for hearing.

Mark filed his waiver and consent on February 4, 2022. The record does not include a waiver and consent by Jill, who filed and served her voluntary settlement conference brief on February 7, 2022. The record does not include Mark's voluntary settlement conference brief.

The parties were unable to reach a settlement, and the matter proceeded to a three-day evidentiary hearing before Judge Iwasaki. Jill, Mark, and their respective forensic accountants testified at the hearing. After taking the matter under submission, Judge Iwasaki issued a written ruling on March 7, 2022, denying Jill's RFO's in their entirety. Judge Iwasaki further found that Jill should be sanctioned under section 271 "in an amount to be determined by the Home Court."

In his written ruling, Judge Iwasaki found that HMS Capital, a residential mortgage brokerage company formed before the marriage, was Mark's sole and separate property. Judge Iwasaki further found

3

that although both parties devoted efforts to HMS Capital before and during the marriage, Jill's efforts did not transmute HMS Capital into a community asset. HMS Capital generated substantial profits for the community until the 2008 financial crisis. From 2008 until their separation in 2012, Jill and Mark had virtually no income, although they had accumulated sufficient savings to live comfortably. At the time the parties separated, HMS Capital had no income, no employees, and no tangible assets. Because HMS Capital was no longer an entity worth dividing, the 2013 stipulated judgment did not equitably apportion HMS Capital's net worth. Moreover, because HMS Capital was not a community asset, the family court lacked jurisdiction to divide it.

Judge Iwasaki denied Jill's RFO to modify spousal support, finding she had failed to demonstrate a change in circumstances justifying an increase in the spousal support she had agreed to in the 2013 stipulated judgment. Judge Iwasaki further found that even if he were to apply the factors set forth in section 4320 for modifying spousal support, Jill was not entitled to support. He noted that both parties left the marriage with more than $7 million in liquid assets, and that Jill's current liquid assets of $5 million exceed Mark's. He credited the testimony of Mark's forensic accountant, who stated that reallocating Jill's investment portfolio would generate sufficient earnings for her support. Judge Iwasaki found that Jill's reasonable needs require income of $14,000 per month. He discounted Jill's testimony at the hearing that her monthly expenditures exceed $29,000. Judge Iwasaki found that Jill has the ability and opportunity to return to work and earn at least $40,000 annually. After weighing these factors, Judge Iwasaki found that Jill has no need for, and is not entitled to an order for spousal support.

Finally, Judge Iwasaki denied Jill's requests for fees and sanctions and found her liable for sanctions under section 271. He found Jill's requests for spousal support and to divide a purportedly unadjudicated asset were meritless and that statements she made in declarations submitted under oath were admittedly false.

4

This appeal followed.

## DISCUSSION

In this appeal, Jill challenges only the imposition of sanctions against her under section 271.[3]  Section 271 provides: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys.  An award of attorney's fees and costs pursuant to this section is in the nature of a sanction."  (§ 271, subd. (a).)

We review an award of sanctions under section 271 for an abuse of discretion.  (*In re Marriage of Pearson* (2018) 21 Cal.App.5th 218, 233; *In re E.M.* (2014) 228 Cal.App.4th 828, 850.)  The imposition of section 271 sanctions "will be upheld on appeal unless the reviewing court, 'considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, [determines] no judge could reasonably make the order.' " (*In re E.M.*, at p. 850; *In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1100 [the applicable standard of review is highly deferential].)

Jill's principal basis for challenging the sanctions award is that she never consented to have Judge Iwasaki serve as both the settlement judge and the hearing officer on the merits of her RFO's.  She claims that her failure to file a signed waiver and consent to have Judge Iwasaki serve as both the settlement judge and the hearing officer (as she was ordered to do in the January 28, 2022 minute order) obliged Judge Iwasaki to recuse himself from hearing the merits of the

---

[3] Failure to raise an issue in an opening brief forfeits the issue. (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 ["issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"].) Because Jill's opening appellate brief fails to address the denial of her RFO's to modify spousal support, to divide HMS Capital, and for attorney fees and sanctions against Mark, those issues are forfeited.

case.  Jill further claims that Judge Iwasaki's failure to recuse himself rendered his March 7, 2022 order null and void.

Jill forfeited any challenge premised on her purported lack of consent to have Judge Iwasaki serve as both the settlement judge and the hearing officer on the case.  Although Jill apparently did not file an express waiver and consent to have Judge Iwasaki serve as the settlement judge, she did participate in the voluntary settlement conference before Judge Iwasaki and filed and served, without objection, a voluntary settlement conference brief.  When the parties failed to reach a settlement, Jill raised no objection to Judge Iwasaki as the hearing officer to adjudicate the merits of her RFO's.  Jill is precluded from raising for the first time on appeal any challenge premised on her lack of consent to have Judge Iwasaki serve as both the settlement judge and the hearing officer on her RFO's.

Judge Iwasaki was not obliged to recuse himself from adjudicating the merits of the RFO's, and his participation in the parties' settlement discussions was not a ground for disqualification. (See *Roth v. Parker* (1997) 57 Cal.App.4th 542, 549.)

The record discloses no abuse of discretion in the section 271 sanctions order against Jill.  Jill does not challenge the findings that her requests for spousal support and to divide HMS Capital were without merit or that she submitted statements under oath that she subsequently claimed were false.  *Featherstone v. Martinez* (2022) 86 Cal.App.5th 775, on which Jill relies in support of her position, is inapposite.  The court in *Featherstone* reversed section 271 sanctions imposed by a family court, in part because a mother in a child custody dispute took litigation positions with which the court disagreed.  (*Id.* at pp. 777, 785.)  That is not what happened here.  Judge Iwasaki's written ruling clearly states the bases for the sanctions order against Jill—asserting meritless claims and making false statements under

6

oath—conduct that needlessly lengthened court proceedings and increased litigation costs.[4]

## DISPOSITION

The March 7, 2022 order and the sanctions award under Family Code section 271 are affirmed. Mark shall recover his costs on appeal.

NOT TO BE PUBLISHED.



LUI, P. J.

We concur:



CHAVEZ, J.



HOFFSTADT, J.

---

[4] The record does not support the argument advanced by Jill's counsel during oral argument that Judge Iwasaki relied on the parties' settlement discussions as a basis for imposing sanctions against Jill. The statement of decision plainly states that Jill's "litigation conduct" and not her settlement positions "frustrated the policy of the law to promote settlement and reduce the cost of litigation. The mere statement that Judge Iwasaki was "familiar with each party's settlement positions and reasons" does not establish that the parties' settlement positions were the basis for the sanctions ruling.

7