Filed 10/16/25  Bledsoe v. City of Stockton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| DONNELL BLEDSOE, | C101558 |
| Plaintiff and Appellant, | (Super. Ct. No. STKCVUPI20210009684) |
| v. | |
| CITY OF STOCKTON, | |
| Defendant and Respondent. | |

Self-represented plaintiff Donnell Bledsoe sued defendant City of Stockton for dangerous condition of public property after tripping over a curb abutting a private driveway.  During the bench trial, the trial court granted the city's motion for judgment under Code of Civil Procedure section 631.8 (section 631.8).  Without a reporter's transcript of the trial proceedings, plaintiff appeals.  Based on the state of the record, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's record on appeal consists solely of a clerk's transcript composed of the following documents: (1) plaintiff's responses to the city's discovery requests; (2) plaintiff's supplemental trial brief; (3) plaintiff's oppositions to two motions in limine; (4) the trial court's statement of decision; and (5) the resulting judgment of dismissal.

According to the statement of decision, plaintiff filed a complaint against the city for dangerous condition of public property. He alleged that he tripped and fell over a curb that abutted a private driveway, injuring his thumb and foot and worsening a back injury.

During the bench trial, plaintiff presented three witnesses and two photographs of the area where he fell. One witness testified that she and plaintiff were walking along a street when a large dog appeared from her blindside. She and plaintiff stepped to the right to get away from the dog, at which point plaintiff tripped and fell. According to plaintiff, "his left foot hit a raised curb which was concealed by the long grass on the planter/lawn area abutting the curb." He fell on this hand, causing pain to his thumb, foot, and back. Plaintiff testified that his doctor recommended seeing a physical therapist.

A physical therapist testified that he treated plaintiff for neck, shoulder, and back pain over the course of six visits. The therapist is not a medical doctor, cannot diagnose patients, and did not review plaintiff's MRIs or x-rays before treating him. The therapist also testified that he considered his treatments successful and confirmed that plaintiff "reported no discomfort in the cervical and left upper extremity after treatment and that his lumbar area was not bothering him after treatment."

Plaintiff testified that his injuries did not improve after physical therapy, so he underwent surgery. But he did not specify what surgery he underwent, when the surgery occurred, or who conducted the surgery.

Plaintiff presented medical and billing records and other photographs, but the trial court sustained the city's objections to those documents for lack of foundation, improper authentication, and hearsay.

After plaintiff rested his case, the city moved for judgment under section 631.8, arguing that plaintiff failed to establish the requisite elements of dangerous condition of public property, including that (1) the city owned or controlled the property that caused the fall; (2) the property was in a dangerous condition at the time of the fall; (3) plaintiff was harmed; or (4) the dangerous condition was a substantial factor in causing plaintiff's harm.

In opposition, plaintiff argued the curb had to belong to the city because " 'who else would it belong to?' "  The trial court commented that plaintiff could have called a city employee to testify on the topic of ownership or control or found some other way to establish that element.  Plaintiff also argued he had provided the court with his medical and billing records through his trial brief and attempted to move them into evidence prior to trial.  The court commented that he did not use the proper mechanism to introduce the medical and billing records into evidence.

Following the trial court's comments, plaintiff failed to present any additional evidence.  The court granted the city's motion and dismissed the case with prejudice.

Plaintiff timely appeals.

DISCUSSION

Section 631.8 permits a party in a court trial to move for judgment after the other party has completed its presentation of evidence.  (§ 631.8, subd. (a).)  If the trial court concludes a plaintiff failed to meet the burden of proof at the conclusion of the plaintiff's case-in-chief, it may enter judgment in defendant's favor without the need for defendant to produce evidence.  (*Roth v. Parker* (1997) 57 Cal.App.4th 542, 549.)

Plaintiff disputes the trial court's finding that he failed to meet his burden of proof. He insists he established the necessary elements of dangerous condition of public

property, citing his supplemental trial brief, his responses to the city's discovery requests, the photographs of the area where he fell, and evidence the trial court excluded. We disagree given the state of the record.

" '[W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 466.) The appellant must provide an adequate record of the evidence to demonstrate that a finding in his favor was compelled as a matter of law. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) These rules apply equally to self-represented litigants. (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

Plaintiff cannot meet this standard without a reporter's transcript of the trial proceedings. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*"].) Plaintiff's evidence as described in the statement of decision was insufficient to establish dangerous condition of public property. The witness testimonies and two photographs of the place where plaintiff fell did not compel a finding as a matter of law that: (1) the city owned or controlled the property at issue; (2) there was a substantial risk of injury when the property or adjacent property is used with due care and in a reasonably foreseeable manner; (3) there was a reasonably foreseeable risk of the kind of injury that occurred; (4) a city employee created the dangerous condition or that the city had notice of the condition for long enough to have protected against it; or (5) the dangerous condition was a substantial factor in causing plaintiff's harm. (See Gov. Code,

§§ 835, 830; CACI Nos. 1100, 1102; *Frazier v. County of Sonoma* (1990) 218 Cal.App.3d 454, 458.) Without a reporter's transcript, we have no way of determining whether the witness testimony differed from that described in the statement of decision. Similarly, we have no way of reviewing the way plaintiff presented the records the trial court excluded to determine whether the court erred in sustaining objections to them. Nor are we persuaded by plaintiff's attempt to fill the evidentiary gaps by citing to his discovery responses and supplemental trial brief. A trial brief is not evidence (*In re Marriage of Pasco* (2019) 42 Cal.App.5th 585, 591), and we cannot consider documents that were not admitted into evidence at trial (*USLIFE Savings & Loan Assn v. National Surety Corp.* (1981) 115 Cal.App.3d 336, 343). For these reasons, plaintiff's appeal lacks merit.

DISPOSITION

The judgment is affirmed. The city is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)&(2).)

 

 

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
RENNER, J.

5