Filed 11/12/15  Marriage of Armstrong CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Marriage of BRIAN and MARIA ALBERTINA ARMSTRONG. | B256039 |
| | (Los Angeles County Super. Ct. No. ED038656) |
| BRIAN WAYNE ARMSTRONG, Appellant, v. MARIA ALBERTINA ARMSTRONG, Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Dianna Gould-Saltman, Judge.  Affirmed.

Brian Wayne Armstrong, in pro. per., for Appellant

Holmes & Holmes and Robert K. Holmes, for Respondent.

_____

In this second appeal from a postjudgment order following the dissolution of his marriage to Maria Albertina Armstrong, Brian Wayne Armstrong, representing himself, contends the family court erred in refusing to modify previous awards of child and spousal support and to reverse its previous order adopting the referee's report on support arrearages, distribution of assets and attorney fees. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A stipulated judgment dissolving the Armstrongs' marriage was entered on April 6, 2012. The judgment required Brian[1] to pay Maria certain base levels of child and spousal support, as well as percentages of his earned income over a fixed amount. In an order dated January 11, 2013, the court modified the child and spousal support awards effective December 2012.

When the parties were unable to agree on the amounts due under the judgment and subsequent modification, Maria filed a postjudgment request for an award of support arrears, as well as an award of attorney fees. On April 15, 2013 the trial court appointed retired Los Angeles Superior Court Judge Richard Montes as a referee. Judge Montes recommended the trial court find the amount of child and spousal support arrearages owed by Brian to Maria was $67,977.92; attorney fees of $23,224.27 had been incurred in the effort to establish and collect arrears, 75 percent of which should be paid by Brian due to his obstreperous conduct; and the amount of $33,020.72 of the retained escrow funds should be awarded to Maria with credit to Brian for half that amount. On December 26, 2013 the court issued a ruling adopting the referee's proposed rulings with the exception of the recommendation Brian pay the entire fee of the court reporter, which the court allocated equally between the parties. As to Brian's purported request for an order, the court found he had failed to pay the necessary filing fees and his requests were therefore not properly before the court. We affirmed the court's order in a previous appeal. (See *In re Armstrong* (June 16, 2015, B254724) [nonpub. opn.] (*Armstrong I*).)

---

[1] As is customary in family law matters, we refer to the parties by their first names for convenience and clarity.

Brian refiled his request for an order modifying the terms of support and rejecting the referee's recommended rulings. A hearing was conducted on February 24, 2014. In a lengthy ruling issued on February 28, 2014 the court identified 18 separate requests for orders contained in Brian's filing and rejected each.[2] Brian now appeals from the February 28, 2014 order.

---

[2] As listed by the court, Brian's filing sought the following orders: 1) modification of prior child support order—denied because no substantial change in circumstance; 2) termination of all support arrears and *Ostler-Smith* orders—denied because the parties stipulated to method for calculation of additional support; 3) payment of his attorney fees by Maria—denied because fees were incurred in a proceeding prior to the stipulated judgment and, as a nonattorney, he was not entitled to recover fees for his representation of himself; 4) restraint of property held by Maria—denied because all community property was divided in the stipulated judgment; 5) rejection of the referee's report—denied because previously ruled on; 6) rejection of Maria's September 11, 2013 request for orders—denied because previously ruled on; 7) a finding Maria owed child support arrears—denied for lack of evidence; 8) reinforcement of the September 1, 2011 judgment that all arrears had been satisfied—denied because prior order speaks for itself; 9) sanctioning of Maria's counsel for misleading court regarding arrears after September 1, 2011—denied for lack of evidence; 10) release of funds held in escrow—denied because funds previously released pursuant to court's December 26, 2013 order; 11) directing Maria's counsel to produce the original version of the signed "final settlement document"—denied because original was filed with the court; 12) reconsideration of order directing Brian to pay Maria's fees and requiring Maria to pay Brian's fees instead and directing her counsel to refund any fees paid to him—denied as meritless; 13) sanctioning of Maria for false statements made in her September 11, 2013 request for orders—denied; 14) quashing of rulings made in a separate small claims action filed in Alhambra (LASC Case No. 13S00386)—denied for lack of jurisdiction; 15) termination of spousal support because Maria had not made reasonable efforts to become self-supporting—denied for lack of evidence; 16) for the court to compile a list reflecting all cases in which Maria's counsel (or firm) appeared before either of the judges assigned to the instant case—denied because the public may search case records for such information; 17) a ruling in Brian's favor to prove the court is not biased against him—denied because rulings are based on evidence and the law, "not . . . for the purpose of 'proving' anything to any litigant"; and 18) termination of a previous order splitting pension and retirement funds because of delay—denied without comment. The court also declined to exercise the disentitlement doctrine in favor of Maria because of Brian's conduct.

**CONTENTIONS**

Brian contends, as a result of the court's bias and the duplicity of Maria's counsel, the court misrepresented his contentions and abused its discretion in denying the relief sought. He asks that the December 26, 2013 order be overturned in its entirety and that he be found not to owe arrearages of any kind; all wage garnishments be reimbursed in full; no further support, attorney fees or costs be made payable by him to anyone; all past attorney fees paid by him to Maria's counsel be refunded (with penalty and interest of 15 percent); Maria's counsel and the superior court be ordered to pay $1 million to him and his children for emotional harm and other damages suffered; no further sums be charged to Maria who, he believes, was manipulated by her counsel; Maria's counsel be barred from practicing in front of the trial judge and both the judge and counsel be reported to disciplinary agencies; and the referee be prohibited from providing further services to the court.

**DISCUSSION**

1. *Principles of Appellate Review*

Notwithstanding the specific contentions listed above, Brian's appeal manifests his frustration with the judicial system as he has experienced it throughout this litigation. He has shouldered the economic burden of the marital dissolution process and asserts he has exhausted his financial reserves, including funds intended for his retirement and the education of his children. He blames opposing counsel and the court for these results and appears to believe this court can reverse or modify the multiple rulings he claims were made in error.

To correct this misimpression, we explain our limited role as an appellate court. "It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' [Citation.] This rule reflects an 'essential distinction between the trial and the appellate court . . . that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law.'" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) Our jurisdiction is limited in scope by

4

the timely filing of a notice of appeal identifying the judgment or order from which the appeal is taken. (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113; *Conservatorship of Edde* (2009) 173 Cal.App.4th 883, 889-890.) We are required to presume the trial court's judgment or order is correct and must draw all inferences in favor of the trial court's decision. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) "Thus, even if there is no indication of the trial court's rationale for [its ruling], the court's decision will be upheld on appeal if reasonable justification for it can be found. 'We uphold judgments if they are correct for any reason, "regardless of the correctness of the grounds upon which the court reached its conclusion."'" (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.)

"'[E]rror must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Further, we will not presume prejudice from an error. It is an appellant's burden to persuade us that the court erred in ways that result in a miscarriage of justice. (*In re Marriage of Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 204-205; Cal. Const., art. VI, § 13.) Our review is governed by the appellate record; with rare exception, we are not permitted to consider new evidence and will not consider facts or contentions not supported by citations to the record. (See *Zeth S., supra,* 31 Cal.4th at p. 405; *In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *Oldenkott v. American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207; Cal. Rules of Court, rule 8.204(a)(1)(C) ["Each brief must . . . [¶] . . . [¶] . . . [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) Along the same lines, we cannot address issues that were not properly raised and preserved in the trial court. (See *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 684-685; *Royster v. Montanez* (1982) 134 Cal.App.3d 362, 367.) On appeal, as in the superior court, unsworn

statements or argument by counsel or a self-represented litigant are not evidence. (See *Zeth S.,* at p. 414, fn. 11.)

Finally, as explained in *Armstrong I,* while we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, we are required to apply the foregoing principles and substantive rules of law to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

2. *This Court Lacks Jurisdiction To Review Motions To Reconsider Prior Court Orders*

Our jurisdiction in this appeal is limited to the order from which the appeal was taken—the postjudgment order of February 28, 2014 in which the trial court denied the orders identified above at page 3, footnote 1. While Brian has not cited Code of Civil Procedure section 1008,[3] many of the orders he sought, even as recast on appeal, can only be construed as requests for reconsideration of previous orders, including the December 26, 2013 order adopting the referee's recommendations as to support arrearages, distribution of escrow proceeds and attorney fees, the subject of *Armstrong I.*

Section 1008 generally requires any motion for reconsideration be based "upon new or different facts, circumstances, or law." (§ 1008, subds. (a), (b); see *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1098.)[4] Section 1008 also applies to all motions seeking

---

[3]     Statutory references are to this code unless otherwise indicated.

[4]     Even if new or different facts are provided with the renewed motion, the moving party must provide the trial court with a satisfactory explanation as to why he or she failed to produce the evidence at an earlier time. (*People v. Safety National Casualty Corp.* (2010) 186 Cal.App.4th 959, 974 ["Facts of which a party seeking reconsideration was aware at the time of the original ruling are not 'new or different facts,' as would support a trial court's grant of reconsideration. [Citation.] To merit reconsideration, a party must also provide a satisfactory reason why it was unable to present its new evidence at the original hearing."]; *Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457

6

modification of an earlier order: "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." (§ 1008, subd. (e).)

To the extent, therefore, Brian sought orders under section 1008, subdivision (a) (seeking reconsideration of the December 26, 2013 order), or subdivision (b) (renewal of previously denied requests for orders), the court found Brian had not provided evidence of "new or different facts, circumstances, or law," as each of these subdivisions requires. Moreover, section 1008, subdivision (g), limits our appellate jurisdiction over motions for reconsideration: "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (See also *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 160 [motions filed pursuant to section 1008, subdivision (b), like those filed pursuant to section 1008, subdivision (a), are nonappealable]; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576 ["an order denying a motion for reconsideration is not appealable, even when based on new facts or law"].) Based on this provision, we have no jurisdiction to review the portion of the court's order denying Brian's requests for orders rejecting the referee's recommendations and Maria's September 11, 2013 request for order, as well as the components thereof (support arrearages, distribution of escrow proceeds and attorney fees) because those rulings were appealed and decided in *Armstrong I*.

---

["[t]he party seeking reconsideration must provide not just new evidence or different facts, but a satisfactory explanation for the failure to produce it at an earlier time"].)

3. *Brian Failed To Demonstrate the Necessary Changed Circumstances for Modification of the Existing Support Order*

Family law courts retain jurisdiction to modify spousal support at any time even if the parties stipulated to the amount of support. (Fam. Code, § 3651, subds. (a) & (e).) Like a motion for reconsideration, however, "'[a] motion for modification of spousal support may only be granted if there has been a material change of circumstances since the last order. . . . Absent a change of circumstances, a motion for modification is nothing more than an impermissible collateral attack on a prior final order.'" (*In re Marriage of Khera and Sameer* (2012) 206 Cal.App.4th 1467, 1479, citations omitted; accord, *In re Marriage of West* (2007) 152 Cal.App.4th 240, 246.) "'Appellate review of orders modifying spousal support is governed by an abuse of discretion standard, and such an abuse occurs when a court modifies a support order without substantial evidence of a material change of circumstances.'" (*In re Marriage of Dietz* (2009) 176 Cal.App.4th 387, 398; accord, *West,* at p. 246 ["[a] spousal support order is modifiable only upon a material change of circumstances since the last order"; "[w]here there is no substantial evidence of a material change of circumstances, an order modifying a support order will be overturned for abuse of discretion"].)

The trial court denied Brian's request for modification of support based on his failure to show changed circumstances. Brian has failed in his appellate briefs to demonstrate why this ruling was incorrect as he contends,[5] and there is no basis to find

---

[5] As discussed above and in *Armstrong I,* the California Rules of Court require appellants to identify points of law and error; to support them by argument and, if possible, citation of authority; and to provide specific references to the record in support of those arguments. (Cal. Rules of Court, rule 8.204(a)(1)(B)-(C).) Absent compliance with these rules, we have little basis to question the trial court's exercise of its broad discretion in a particular matter. (See *Denham v. Superior Court, supra,* 2 Cal.3d at p. 564 [cardinal rule of appellate review that judgment or order of trial court is presumed correct and prejudicial error must be shown]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [appellant must provide an adequate appellate record demonstrating error]; *Lincoln Fountain Villas Homeowners Assn. v. State Farm Fire & Casualty Ins. Co.* (2006) 136 Cal.App.4th 999, 1003-1004, fn. 1 [record is inadequate when it "'appears to show *any* need for *speculation or inference* in determining whether error occurred'"].) If

the court abused its broad discretion on this issue. Brian, of course, remains free to file a further request for modification, provided he can demonstrate changed circumstances warranting such modification.

4. *Brian's Request for an Order Setting Aside the Stipulated Judgment Is Untimely*

Brian contends Maria's counsel committed fraud by appending an unapproved provision to the stipulated judgment and representing to the court the provision had been approved by him and his then-counsel. He contends the stipulated judgment should be set aside or reformed.

When a litigant has waited longer than six months to seek relief from a family law judgment, he or she is limited to the specific grounds for relief contained in Family Code section 2122. (See *In re Marriage of Thorne & Raccina* (2012) 203 Cal.App.4th 492, 498-499; accord, *In re Marriage of Heggie* (2002) 99 Cal.App.4th 28, 32.) Family Code section 2122 provides: "The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following: [¶] (a) Actual fraud where the defrauded party was kept in ignorance or in some other manner, was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud. [¶] . . . [¶] (e) As to stipulated or uncontested judgments or that part of a judgment stipulated to by the parties, mistake, either mutual or unilateral, whether mistake of law or mistake of fact. An action or motion based on mistake shall be brought with one year after the date of entry of judgment. . . ."

---

an inadequate record has been provided, we must affirm the judgment. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [burden is on appellants to provide adequate record on appeal to demonstrate error; failure to do so precludes an adequate review and results in affirmance of the trial court's determination].) The assertions contained in Brian's briefs are not evidence, and his failure to properly identify that evidence for us prevents meaningful review.

Brian's request for modification based on fraud is untimely: The stipulated judgment was entered on April 6, 2012. Relief under Family Code section 2122, subdivision (e), was no longer available to Brian after April 5, 2013. Relief under subdivision (a) was unavailable one year after the date of Brian's discovery of the alleged fraud, which Brian has failed to make clear. Even were we to consider Brian's fraud claim, however, the original version of the judgment Brian claims would reveal fraud by concealment has not been included in the record. Although the superior court file presumably contains the original version, Brian failed to designate the judgment as part of the record on appeal. Again, Brian was required to support his contentions with a complete record and specific citations to that record.

5. *Brian Has Failed To Preserve His Statutory Claim of Judicial Bias, and He Did Not Suffer a Deprivation of His Due Process Right to a Fair Trial*

Section 170.1 specifies the statutory bases for disqualifying judges of the superior courts. Pursuant to section 170.1, subdivision (a)(6), a judge is disqualified if the judge believes "there is a substantial doubt as to his or her capacity to be impartial" (*id.*, subd. (a)(6)(ii)) or "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial" (*id.,* subd. (a)(6)(iii)). Sections 170.3 and 170.4 outline the procedures for determining a motion to disqualify a judge and the effect of the disqualification.

Denial of a motion to disqualify a judge is not an appealable order. Section 170.3, subdivision (d), provides, "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal." (See *People v. Brown* (1993) 6 Cal.4th 322, 335 ["the denial of a *statutory* judicial disqualification motion is not subject to interlocutory appeal; instead, all litigants who seek to challenge denial of a statutory judicial disqualification motion are relegated to writ review as described in section 170.3(d)"]; see also *People v. Freeman* (2010) 47 Cal.4th 993, 1000 ["'[u]nder our statutory scheme, a petition for writ of mandate is the *exclusive* method of obtaining review of a denial of a judicial disqualification motion'"]; *Roth v. Parker* (1997) 57 Cal.App.4th 542, 548 [same].)

10

Brian did not ask Judge Gould-Saltman to recuse herself under section 170.1. But, even if we were to construe his request the court rule in his favor to demonstrate its impartiality after repeated rulings against him as a motion under section 170.1, the only review available was by petition for writ of mandate. Brian's failure to pursue writ relief bars any consideration of that claim.

Although the ruling on a statutory motion to disqualify a judge is reviewable only by a writ of mandate, a party may assert on appeal from a final judgment or other appealable order that the judgment or order is constitutionally invalid because of judicial bias. (*People v. Brown, supra,* 6 Cal.4th at p. 335.) "[A] defendant 'may, and should, seek to resolve such issues by statutory means . . . .' [Citation.] [H]owever, . . . a defendant who raised the claim at trial may always 'assert on appeal a claim of denial of the due process right to an impartial judge.'" (*People v. Chatman* (2006) 38 Cal.4th 344, 363.)

To establish such a due process violation, actual bias need not be proved; but, "based on an objective assessment of the circumstances in the particular case, there must exist '"the probability of actual bias on the part of the judge or decisionmaker [that] is too high to be constitutionally tolerable."'" (*People v. Freeman, supra,* 47 Cal.4th at p. 996, quoting *Caperton v. A.T. Massey Coal Co., Inc.* (2009) 556 U.S. 868, 877 [129 S.Ct. 2252, 173 L.Ed.2d 1208].) That is, in contrast to section 170.1, subdivision (a)(6)(A)(iii), which requires disqualification if a person aware of the facts might reasonably entertain a doubt the judge could be impartial, "consistent with its concern that due process guarantees an impartial adjudicator, the [United States Supreme Court] has focused on those circumstances where, even if actual bias is not demonstrated, the probability of bias on the part of the judge is so great as to become 'constitutionally intolerable.'" (*Freeman,* at p. 1001; see *Caperton,* at p. 877.) Under this objective standard, "only the most 'extreme facts' would justify judicial disqualification based on the due process clause." (*Freeman,* at p. 996.) The due process clause does not require judicial disqualification based on the mere appearance of bias. (*Id.* at pp. 1000, 1006.)

11

Moreover, a trial court has the "'inherent . . . discretion to control the proceedings to ensure the efficacious administration of justice.'" (*People v. Gonzalez* (2006) 38 Cal.4th 932, 951; see Pen. Code, § 1044.) When an attorney (or, similarly, a self-represented litigant) engages in improper behavior, such as ignoring the court's instructions or asking inappropriate questions, it is within the trial court's discretion to reprimand the attorney, even harshly, as the circumstances require. (*People v. Snow* (2003) 30 Cal.4th 43, 78.) Mere expressions of opinion by a trial judge based on actual observation of the witnesses and evidence in the courtroom do not demonstrate a bias. (*Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1219-1220.) And, especially significantly for this case, "a trial court's numerous rulings against a party—even when erroneous—do not establish a charge of judicial bias, especially when they are subject to review." (*People v. Guerra* (2006) 37 Cal.4th 1067, 1112; accord, *People v. Farley* (2009) 46 Cal.4th 1053, 1110.)

Based on our review of the record, Brian was not deprived of his constitutional right to a fair and impartial tribunal. The trial court went to great lengths to ascertain Brian's claims and to apply relevant principles of law, while maintaining the orderly and effective administration of the proceedings. His claims of judicial bias and misconduct are without merit.

6. *Brian Has Failed To Establish That Sanctions of Maria's Counsel Were Warranted*

Without identifying a statutory basis for such an order, Brian contends the trial court abused its discretion by declining to impose sanctions on Maria's counsel for his misrepresentations of fact and the law and, apparently, also for his purported manipulation of Maria. Whether this claim is evaluated as a claim for sanctions under section 128.5 or Family Code section 271, it is meritless.

Section 128.5, subdivision (a), authorizes any "trial court [to] order a party, the party's attorney or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (See *Orange County Dept. of Child Support*

12

*Services v. Superior Court* (2005) 129 Cal.App.4th 798, 804-806 [sanctions award under § 128.5 requires finding of subjective bad faith].) "On appeal from a denial of a request for sanctions pursuant to section 128.5 we presume the order of the trial court is correct, and the standard of review is abuse of discretion." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867; accord, *Dolan v. Buena Engineers, Inc.* (1994) 24 Cal.App.4th 1500, 1504.)

Family Code section 271 provides the court in family law proceedings with authority to order payment of attorney fees and costs in the nature of a sanction to encourage cooperation and discourage litigation tactics that increase the cost of litigation. (Fam. Code, § 271, subd. (a).) "Family law litigants who flout that policy [of promoting settlement of issues and cooperation among counsel and parties] by engaging in conduct that increases litigation costs are subject to the imposition of attorneys' fees and costs as a sanction." (*In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177; see *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225.) An award of fees as a sanction under this section does not require any showing of need or actual injury. (See *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478-1479.) We similarly review a ruling to award or deny sanctions under Family Code section 271 for an abuse of discretion. (See *In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 291; *Feldman,* at p. 1478.)

The trial court found no factual basis to impose sanctions on Maria's counsel. Principles of appellate review do not permit us to revisit that finding of fact by reweighing the evidence or evaluating the credibility of witnesses. Moreover, as with his other claims, Brian has failed to support his argument with detailed citations to the record. As a result, we necessarily conclude the trial court did not abuse its discretion.

**DISPOSITION**

The postjudgment order is affirmed.  Maria is to recover her costs on appeal.


                                                        PERLUSS, P. J.


We concur:



            ZELON, J.



            SEGAL, J.

14