[No. G038475. Fourth Dist., Div. Three. May 14, 2007.]

TRUNG NGUYEN et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
JANET NGUYEN, Real Party in Interest.

**COUNSEL**

Michael J. Schroeder and Steven D. Baric for Petitioners.

No appearance for Respondent.

Phillip Barry Greer for Real Party in Interest.

OPINION

**SILLS, P. J.—**

I.

This is a petition for writ of mandate seeking to vacate a decision after an election contest over a seat on the Orange County Board of Supervisors. In this opinion we explain why, on balance, this matter should proceed by way of the more deliberative and thorough process of appeal, rather than the hastier route of a petition for writ of mandate.

Here is the background: In a February 2007 supervisorial election that included many candidates, Trung Nguyen was declared the winner; Janet Nguyen was the runner-up by seven votes. Janet Nguyen then asked for a recount. To be specific, she asked that all absentee ballots, that is, *paper ballots*, be counted manually. As for the ballots cast by direct recording electronic voting system—often called "DRE"—Janet Nguyen merely asked for a rerun of the electronic tabulation, essentially a downloading of the electronic memory of the voting machines. She did *not* ask for a hand count of the paper ballots that are automatically printed within the machine (but not given to the voter) when a voter votes by a direct recording electronic system. In essence, her recount centered on the paper ballots.

The recount as conducted by the registrar of voters actually changed the result. After the recount, the registrar of voters certified Janet Nguyen the winner—ironically enough, by the same margin of seven votes that Trung Nguyen had earlier prevailed over her.

Trung Nguyen then filed this election contest in the superior court. His challenge to the certification was essentially twofold. The first involved the tedious task of ballot-by-ballot review of the absentee, that is, "true" paper ballots. The trial court's review lowered Janet Nguyen's seven-vote margin to three votes.

The second aspect of his challenge was legal, and is the focus of this writ proceeding. Trung Nguyen argued that by not electing a recount of the "voter verified paper audit trail"—that is, the paper the machine prints when a voter completes voting (or the acronym "VVPAT"), the recount requested by Janet

Nguyen was, essentially, "illegal" (the word used in his petition filed in this court). That meant that the original count, giving him a seven-vote victory, would be operative and he should be declared the winner. The trial court rejected that legal challenge.

The trial court announced its decision on March 26, 2007. Janet Nguyen was sworn in as a member of the Orange County Board of Supervisors the next day. Trung Nguyen filed this writ petition on April 10. This court then asked for informal briefing from the parties, to be completed by May 2, and in particular asked the parties to focus on the significance of section 16900 of the Elections Code, which affords the losing party in an election contest a clear remedy by way of appeal.[1]

## II.

There is a list of criteria identified by the court in *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1273–1274 [258 Cal.Rptr. 66] which have been used by California courts to justify proceeding by extraordinary writ. Most of those criteria are not applicable in cases such as this one, because they involve the correction of some error made by the trial court *before* trial. This case involves an attack on a judgment after trial.

Among the factors is whether a litigant has an adequate remedy at law, that is, by way of appeal. In the case before us, the adequate remedy factor is particularly important because challenges to election contests have been the *specific* focus of the Legislature, in section 16900. That law provides in its entirety: "Any party aggrieved by the judgment of the court may appeal therefrom to the court of appeal, as in other cases of appeal thereto from the superior court. During the pendency of proceedings on appeal, and until final determination thereof, the person declared elected by the superior court shall be entitled to the office in like manner as if no appeal had been taken." (§ 16900.)

The statute also reduces the pressure on an appellate court to immediately (or close to immediately) decide the merits of an election contest. The winner at the trial court level holds office during the pendency of the appeal. On the other hand, the statute must be read in tandem with another statute, section 44 of the Code of Civil Procedure, which gives priority (after criminal cases) in the appellate court to election contests. (That law provides in part:

---

[1] All undesignated statutory references in this opinion are to the Elections Code.

"Appeals in . . . contested election cases . . . shall be given preference in hearing in the courts of appeal . . . . All these cases shall be placed on the calendar in the order of their date of issue, next after cases in which the people of the state are parties." (Code Civ. Proc., § 44.))

 In sum, while the Legislature has specifically provided for the relatively slower process of appellate review of election contests, it also sought to *expedite* that appellate review.

Because election contests have been the specific focus of legislative action, with the Legislature clearly providing an adequate remedy at law, we conclude that any *Omaha* criteria that might otherwise justify proceeding by writ are outweighed under the circumstances of this case.

To be sure, for example, the legal issue involving recounts which Trung Nguyen presses to this court has statewide ramifications for the next election. However, as we consider his writ petition, any statewide election is relatively far away. And the issue he presents is a highly technical one as well, which is a factor that favors proceeding by appeal, with its measured processes and opportunities to study all facets of a complex issue.

 Another *Omaha* criterion is the presence of a significant and novel *constitutional* issue. The nature of Trung Nguyen's challenge, however, does not really implicate any constitutional issues except in the sense that anything involving election laws implicates constitutional issues. His challenge is essentially statutory, involving the interaction of various recount statutes.

 Another criterion is conflicting trial court interpretations of law requiring a resolution of the conflict. But there are no conflicting trial court interpretations here, and there are not likely to be any prior to any decision by way of appeal.

To be sure, because all parties, Trung Nguyen, Janet Nguyen, and indeed the public itself, have an interest that elective offices be held by the true winners of elections, there is the possibility of irreparable harm just by virtue of the passage of time. We must acknowledge that.

On the other hand, however, it is also true that the *Legislature has addressed that very problem.* In providing for an (quicker to be sure) appeal from election contests, the Legislature knew what it was doing. The alterna-

tive, proceeding by petition for writ of mandate, requires the parties to prepare their own records, and requires them to work under considerable time pressure themselves. There may not be time to obtain a full transcript of all trial court proceedings, or arrange transmission of all exhibits to the appellate court. By contrast, the rules governing appeals insure the opportunity of both parties to have complete records prepared, provide an opportunity to check those records for accuracy, and usually give the parties minimum timeframes to complete a proper brief.

And this brings us to a point that is easy to overlook: If an appellate court were to decide the merits of an election contest by writ proceeding, the court could ultimately wind up making an order that would have the effect of removing a sitting official from office. *That* is not a step to be taken on the rush. It should only be taken upon a complete record of proceedings in the trial court, with appropriate time afforded all sides to prepare their briefs, and with at least some time for reflection by the appellate court. Given the gravity of the removal of an officeholder by an unelected appellate court, such a step should not be made in the comparative hurriedness of a writ proceeding—and the Legislature has so implied in enacting section 16900.

*Brown v. Superior Court* (1971) 5 Cal.3d 509 [96 Cal.Rptr. 584, 487 P.2d 1224], the authority primarily relied upon by Trung Nguyen to support proceeding by writ rather than appeal, is readily distinguishable. *Brown* began as a citizen's civil action seeking a determination of statutory penalties based on the violation of election disclosure laws against contributors (basically, oil companies) that funded the campaign against 1970's Proposition 18. Some of the defendant contributors filed a demurrer to the complaint, alleging that the statute providing for those penalties was unconstitutional on its face because the disclosure laws invidiously discriminated against those campaigning for and against ballot propositions, as distinct from candidates. The trial court agreed, sustained the demurrer, and held the disclosure statutes unconstitutional. (5 Cal.3d at pp. 512–514.)

The citizen who brought the penalty suit, however, also happened to be the Secretary of State at the time, and there was no question that he, as Secretary of State, was a beneficially interested party in the outcome of the proceeding. As Secretary of State, he bore, after all, "overall responsibility for administering the disclosure laws the constitutionality of which" had been challenged. (*Brown v. Superior Court, supra,* 5 Cal.3d at p. 514.) And, significantly, the trial court's decision had stymied the Secretary of State's ability to provide "instructions to proponents of statewide initiative, referendum and recall

petitions relating to their responsibilities under the disclosure laws." (*Id.* at p. 515.) Thus, noted our high court, "In the absence of a speedy final determination of the viability of disclosure laws, both proponents and opponents" of statewide and local ballot measures would "be forced to respond or not respond to legislative direction at their own risk." (*Ibid.*) In that regard, there were, at the time the Supreme Court decided the case (in Aug. 1971), no less than "two statewide initiative measures and scores of local ballot measures, many of which [were] of a controversial nature and [would] involve substantial campaign expenditures" that were affected by the uncertainty created by the trial court decision. (*Ibid.*) No wonder the "public welfare" required an "early resolution" of the issue. (*Ibid.*)

The present case contrasts with *Brown* markedly. This is an election contest brought by a losing candidate, clearly within section 16900. *Brown* was not a section 16900 case, but a regular civil case involving election disclosure laws.

This is a contested election for a county board of supervisors. *Brown* involved an issue of disclosure law that was of a continuing nature and affected large-scale, statewide behavior.

This is a case which focuses on recount procedures. By definition, the need for such procedures arises after elections, not before them. Any decision concerning those procedures will not have any importance (beyond the parties before us, of course) until after the next election is held and someone requests a recount. *Brown* involved an issue of state campaign law that affected actors gearing up for the next campaign immediately after the trial court's decision.

This case involves a question of statutory construction involving recount procedures. *Brown* was a case where state campaign laws had been declared unconstitutional. Given the immediate and ongoing statewide effect of the trial court's ruling, the case needed to be decided at the *earliest possible* moment.

### III.

We caution that this opinion should not be read as articulating an *inflexible* rule that section 16900 precludes all writ relief in election contest cases because of the presence of an adequate remedy at law, no matter what the circumstances. We do not go that far.

We need only note for purposes of our decision here that if and when an election contest presents "an issue of great public importance" that requires prompt resolution, our Supreme Court has the power to transfer the cause to itself. (Cal. Rules of Court, rule 8.552(c); see also *Brosnahan v. Brown* (1982) 32 Cal.3d 236, 241 [186 Cal.Rptr. 30, 651 P.2d 274] [transferring writs originally filed in Court of Appeal challenging recently enacted ballot proposition to Supreme Court because it was "uniformly agreed that the issues are of great public importance and should be resolved promptly"].)

■ But section 16900 certainly favors proceeding by appellate review as the norm. This case does not warrant departing from that norm.

IV.

We therefore conclude that the petition for writ of mandate should be DENIED. The reasons for denying the petition are sufficient by themselves, so we do not rely on the additional point made by real party in interest that the petitioner omitted an indispensable party to this writ proceeding, namely the Orange County Registrar of Voters.[2] However, we do note that it is hard to see how this court could void the certification of the winner of an election by the registrar of voters without at least hearing the registrar's side of the story, and of course the registrar *was* a party in the trial court. Nor is it clear what sort of actual relief an appellate court could provide under these circumstances that did not either directly or indirectly affect procedures in the

---

[2] Trung Nguyen's position was filed April 10, 2007. On April 13, 2007, Janet Nguyen filed a letter with this court first raising the issue. On April 16, 2007, Trung Nguyen filed a letter with this court responding to Janet Nguyen's April 13, 2007 letter, in which he characterized it as an "ex parte communication with the Court" and "improper." That was a mischaracterization of Janet Nguyen's April 13, 2007 letter. It was neither "ex parte" nor "improper." An ex parte communication is one where a party communicates to the court *outside* of the presence of the other party. Janet Nguyen's April 13, 2007 letter, however, was personally served on Trung Nguyen's counsel the very day it was filed—all very above board. And, rather than being an "improper" ex parte communication with the court, Janet Nguyen's April 13, 2007 letter constituted the sort of unsolicited informal response that every real party in interest has a right to make when an opponent files a petition for writ of mandate. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2006) ¶ 15:215, p. 15-89 ["The real party has the option of filing an unsolicited preliminary response to a writ petition, and generally should do so if the petition seems persuasive or contains factual inaccuracies . . . . Any such response is due within 10 days after the petition is filed. . . . [¶] The preliminary opposition ordinarily is used to point out an adequate alternative remedy or the lack of irreparable harm, or to correct or add to the facts presented by petitioner."].)

registrar of voters office, to say nothing of any formal need to order the office to certify one candidate as the winner as distinct from the other.

Aronson, J., and Fybel, J., concurred.