Filed 5/8/23  Radical Studios v. Virk CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| RADICAL STUDIOS, INC., | B316278 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. SC129304 |
| v. | |
| KAVI VIRK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark H. Epstein, Judge.  Affirmed.

Matthew I. Berger Law Group and Matthew Ira Berger for Plaintiff and Respondent.

Kavi Virk, in pro. per., for Defendant and Appellant.

The trial court entered default judgment against Kavi Virk and his company, KSV, LLC, after they failed to answer Radical Studios, Inc.'s complaint. On appeal, Virk argues the court lacked jurisdiction over KSV, the judgment conflicts with three other small claims cases, and the Honorable Mark H. Epstein was disqualified for bias and improper ex parte communications. We reject his arguments and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Radical Studios, Inc. (Radical Studios) entered into a written contract with Kavi Virk and his company, KSV, LLC (KSV), in 2013. Under the terms of the agreement, Radical Studios agreed to pay Virk and KSV $10,000 for business development services related to the production of a movie called "Abattoir." The parties' relationship quickly soured, however, and Radical Studios attempted to terminate the contract.

Virk filed a small claims case against Radical Studios in 2015, alleging it had breached the parties' contract. Radical Studios failed to appear at trial, and the court entered judgment against it for $5,000. The court subsequently denied Radical Studios's motion to vacate the judgment on the ground that it had never received notice. Radical Studios then filed a petition for writ of mandate in this court, which we summarily denied.

Virk filed a second small claims case against Radical Studios in 2017, this time alleging he was entitled to additional credits and fees related to Abattoir. The court awarded Virk nominal damages of $1 plus one percent of Abattoir's net proceeds, if any.

In 2018, Radical Studios filed a lawsuit against Virk and KSV for, among other things, abuse of process, breach of contract, and intentional interference with prospective economic

2

advantage. The operative complaint alleged Virk failed to perform under the parties' contract, pursued frivolous claims against Radical Studios, and erroneously claimed he was entitled to credit and fees related to another movie called "Aladdin." Radical Studios sought a declaration that it timely terminated the parties' contract, it owed nothing further to Virk under the contract, and it owed nothing to Virk in connection with Aladdin. Radical Studios also sought more than $2 million in damages.

Virk demurred, apparently on the basis that the dispute was subject to binding mediation and arbitration under a clause in the parties' contract. On September 18, 2018, the court overruled the demurrer, explaining it could not decide the arbitration issue at this stage of the case because Radical Studios had not attached the contract to the operative complaint. The court noted that Virk could raise the issue again in a motion to compel arbitration, and it ordered him to file an answer within 20 days.

About a week later, on September 24, 2018, Virk filed an ex parte application to reconsider the demurrer ruling. The court denied the application, noting that Virk could pursue a properly filed and served motion. Virk responded by filing a motion for reconsideration under Code of Civil Procedure section 1008,[1] which was set to be heard in December 2018. He argued reconsideration was warranted because Radical Studios had attached the parties' contract to the complaint it had served on him.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

3

Virk failed to file an answer within 20 days of the court's decision overruling his demurrer. Accordingly, on October 25, 2018, the court entered default against him.

The next month, Virk filed a motion to set aside the default. The court denied the motion on the basis that Virk had failed to support it with factual evidence, identify any mistake, inadvertence, surprise, or excusable neglect warranting relief, or attach an answer, as required under section 473, subdivision (b).

Virk moved for reconsideration, which the court also denied. The court, however, gave Virk additional time to file "any legally appropriate and proper briefs." The court noted that, if Virk did not file a new motion to set aside default, it would set a default prove-up hearing.

Virk failed to file a new motion to set aside default, and the court held a default prove-up hearing in March 2021. Virk appeared at the hearing, but the court did not let him participate. The court took the matter under submission at the end of the hearing.

A few days after the hearing, Virk filed a new small claims action against Radical Studios. Although not entirely clear, it appears Virk alleged Radical Studios had breached a second agreement between the parties related to Aladdin. The small claims court continued the trial in that case pending the outcome of this case.

The court announced its ruling on June 18, 2021 in a detailed minute order. The court determined Radical Studios was entitled to around $75,000 in damages related to Virk's unsuccessful actions against it, including litigation over his repeated refusal to accept payment of a judgment in one of the small claims cases. The court also found Radical Studios was

4

entitled to an injunction preventing Virk from disseminating confidential information, and a declaration of the parties' rights under their Abattoir contract. The court, however, rejected Radical Studios's contention that Virk had no rights to Abattoir, noting the small claims court had found that he did. It also refused to award Radical Studios the fees it had incurred defending itself in the small claims actions in which Virk had been successful.

About a month later, Virk filed another motion to set aside default. The court denied the motion on August 3, 2021, on the basis that it was untimely, lacked supporting evidence, and did not include an answer. The court found "Virk's actions here are not the result of inadvertence or inexperience. The actions are deliberate and tactical. He has made inappropriate filings designed to defer and delay judgment. At this point, the day of reckoning has finally arrived. The default will not be vacated . . . ."

The court entered judgment the same day. The judgment declares the parties' contract terminated in May 2013, the parties did not have a contract related to Aladdin, and Radical Studios did not owe Virk anything related to Aladdin. The judgment also declared the parties have no further obligations to one another, and Radical Studios does not owe Virk additional money or credits, except any obligations flowing from the judgment in the 2017 small claims case.

Virk timely appealed.

## DISCUSSION

1. ***Virk's appellate briefing is deficient***

While we are mindful Virk is representing himself on appeal, he "is to be treated like any other party and is entitled

5

to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) Thus, he is bound to follow the most fundamental rule of appellate review: the judgment or order challenged on appeal is presumed to be correct, and "it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) To demonstrate error, an appellant "must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) A reviewing court will not search the record to ascertain whether it supports the appellant's arguments, nor will it make the appellant's arguments for him. (*Inyo Citizens for Better Planning v. Inyo County Bd. of Supervisors* (2009) 180 Cal.App.4th 1, 14.)

Here, Virk's briefing is wholly inadequate to meet his burden of demonstrating error. His statement of facts is roughly ten pages long, but eight of those pages are simply a list of documents filed in this case and one of the small claims cases. Virk's argument section fares no better. It consists of four paragraphs of disjointed argument, followed by 24 pages that Virk appears to have copied and pasted from declarations and briefs he filed in the trial court. Making matters worse, Virk fails to cite a single relevant case or statute to support any of his arguments.

Where, as here, an appellant fails to support his arguments with meaningful analysis, citations to the record, and relevant authority, we may treat the issues as waived. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 (*Badie*).) Although this alone provides a sufficient basis to deny Virk's appeal and

6

affirm the judgment, we will nevertheless address the merits of his arguments, to the extent we can decipher them.[2]

## 2. *Virk has not shown the court lacked jurisdiction over KSV*

Virk asserts that, because KSV had been dissolved before Radical Studios filed the lawsuit, it could not receive service and the court did not have jurisdiction over it. Contrary to Virk's contentions, under Corporations Code section 2010, a "corporation which is dissolved nevertheless continues to exist for the purpose of . . . prosecuting and defending actions by or against it . . . ." (Corp. Code, § 2010, subd. (a).) Causes of action against a dissolved corporation may be enforced against the dissolved corporation to the extent of its undistributed assets. (*Id.*, § 2011, subd. (a)(1)(A).) A plaintiff, moreover, may sue the dissolved corporation "by delivering a copy [of the document] to an officer, director, or person having charge of its assets or, if no such person can be found, to any agent upon whom process might be served at the time of dissolution." (*Id.*, § 2011, subd. (b).) Given this clear authority, we reject Virk's argument that, because KSV had been dissolved, it could not be served and was not subject to the court's jurisdiction.

---

[2] We have limited our discussion to the points Virk states under a separate heading or subheading summarizing the point, as required by the Rules of Court. (See Cal. Rules of Court, rule 8.204(a)(1)(B).) To the extent Virk purports to raise other issues on appeal, we consider them waived and decline to consider them. (See *Badie, supra*, 67 Cal.App.4th at pp. 784–785; *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4 [the failure to "head an argument" as required under the Rules of Court "constitutes a waiver"].)

### 3. The judgment does not overrule the judgments in the small claims cases

Virk contends the trial court erroneously "overrule[d]" the prior judgments in the small claims cases he filed against Radical Studios in 2015 and 2017. He fails, however, to identify any specific provisions in the judgment that are inconsistent with the prior judgments. Although all three cases involved similar issues—mainly, the parties' contract related to Abattoir—the judgment in this case explicitly states it does not affect "any obligation [Radical Studios has to Virk] flowing from the judgment entered in the [2017] Small Claims Action . . . ." Nor is there anything in the judgment that appears to conflict with the judgment in the 2015 small claims case. Because Virk fails to identify any inconsistencies with the prior judgments, he has not met his burden of showing error.

We similarly reject Virk's suggestion that the trial court improperly interfered with the small claims case that he filed in 2021. While it appears the two cases involve similar parties and issues, Virk overlooks that he filed the small claims case several years after Radical Studios filed this case and after it was apparent the trial court was going to rule against him. Accordingly, there is no merit to his contention that the court in this case improperly interfered with the 2021 small claims case.

### 4. Virk has not shown Judge Epstein was disqualified

Virk contends the Honorable Mark Epstein—who entered judgment and denied many of Virk's motions—should have disqualified himself from the case due to bias and improper ex-parte communications.

8

a. *Background*

In August 2021, Virk filed a request to disqualify Judge Epstein under section 170.1, subdivision (a)(6) on the basis that the judge had demonstrated bias, hatred, and vitriol toward him. According to Virk, Judge Epstein had improperly "overrule[d] all the previous judges," exercised jurisdiction "to rule against a non-existent entity," and had taken a " 'sledge-hammer' " to Virk's constitutional rights by issuing a "bizarre, unlawful 'biblical' ruling not rooted in facts or logic . . . ."

In support of his motion, Virk submitted negative reviews of Judge Epstein from an online forum called The Robing Room. Virk also submitted emails from an attorney who was assisting Virk in the case and had appeared at a hearing on his behalf. According to the emails—which were heavily redacted—Judge Epstein told the attorney Virk had been in his court frequently and the judge had "long run out of patience with" him. The attorney also wrote that Judge Epstein was "pissed" at Virk, and the attorney did not want to become "embroiled" in the matter "given the vitriol the judge expressed today." Virk submitted a declaration from the attorney authenticating the emails; the attorney, however, did not address the contents of the emails.

Judge Epstein struck the statement of disqualification, finding it did not state legal grounds for disqualification for cause. The judge also submitted a declaration stating he was not prejudiced or biased against any party or counsel, and he knew of no facts or circumstances that would require his disqualification or recusal.

b. *Analysis*

Under section 170.1, a judge shall be disqualified if a "person aware of the facts might reasonably entertain a doubt

9

that the judge would be able to be impartial." (§ 170.1, subd. (a)(6)(A)(iii).) If a judge who should be disqualified refuses to do so, "any party may file with the clerk a written verified statement objecting to the hearing or trial before the judge and setting forth the facts constituting the grounds for disqualification of the judge." (§ 170.3, subd. (c)(1).) "When reviewing a charge of bias, '. . . the litigants' necessarily partisan views should not provide the applicable frame of reference. [Citations.]' [Citation.] Potential bias and prejudice must clearly be established." (*Roitz v. Coldwell Banker Residential Brokerage Co.* (1998) 62 Cal.App.4th 716, 724.)

Virk's disqualification arguments fail for several reasons. First, he has not provided a sufficient record for review. On appeal, " '[a]ll intendments and presumptions are indulged to support [the judgment or order] on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564 (*Denham*).) To overcome this presumption, an appellant must provide a record that allows for meaningful review of the challenged order. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

Here, Virk did not designate for inclusion in the appellate record any documents related to his request for disqualification. Instead, he simply attached the relevant documents to his opening brief. Under rule 8.204(d) of the California Rules of Court, a party may attach exhibits to an appellate brief, but the exhibits must already be in the appellate record. Because Virk did not designate the exhibits attached to his brief for inclusion in the appellate record, we may not consider them. Without those documents, we must presume the record supports the

10

court's decision.  (*Denham, supra*, 2 Cal.3d at p. 564.)  Virk, therefore, has not met his burden of showing error.

Virk's arguments fail for another, more fundamental reason.  Section 170.3, subdivision (d), provides the "determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding.  The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification." In effect, "section 170.3, subdivision (d) 'forecloses appeal of a claim that a *statutory* motion for disqualification authorized by section 170.1 was erroneously denied, and this preclusion applies even when the statutory basis for the motion appears to codify due process grounds for challenging the impartiality of a judge.' " (*Roth v. Parker* (1997) 57 Cal.App.4th 542, 548.)  Virk's arguments related to his request to disqualify Judge Epstein under section 170.1, therefore, are not cognizable on appeal.

Even if the disqualification issue were properly before us and we could consider the exhibits attached to Virk's brief, we would nevertheless reject his arguments on the merits.  Contrary to Virk's suggestions, the fact that Judge Epstein consistently ruled against him does not indicate bias and is not a ground for disqualification.  (See *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674 ["The mere fact that the trial court issued rulings adverse to [the party] on several matters in this case, even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, much less demonstrate actual bias."].)  Nor are the emails from Virk's attorney sufficient to require disqualification.  Although the

11

attorney authenticated the emails in a declaration, he did not attest to the truth of their contents. The emails, therefore, are inadmissible hearsay. (See Evid. Code, § 1200.) The same is true of the critical reviews of Judge Epstein posted to The Robing Room.

Virk also has not shown that Judge Epstein engaged in improper ex parte communications. Although far from clear, Virk's argument appears to be premised on an email from Radical Studios's counsel to the clerk of Judge Epstein's courtroom. Counsel attached to the email a declaration and a highlighted copy of a declaratory judgment, purportedly "[i]n compliance with Judge Epstein's instructions." Counsel also sent the email and attachments to Virk. The email, therefore, is not an ex parte communication and does not provide grounds for disqualification. (See *Nguyen v. Superior Court* (2007) 150 Cal.App.4th 1006, 1013, fn. 2 ["An ex parte communication is one where a party communicates to the court *outside* of the presence of the other party."].)

5.      ***We deny Radical Studios's request for sanctions***

In its respondent's brief, Radical Studios requests we sanction Virk for filing a frivolous appeal. Under rule 8.276 of the Rules of Court, a Court of Appeal may impose sanctions on a party for taking a frivolous appeal or appealing solely to cause delay. (Cal. Rules of Court, rule 8.276(a)(1).) The party requesting sanctions must do so in a separate motion; it is not enough to make the request in a respondent's brief. (*Symmonds v. Mahoney* (2019) 31 Cal.App.5th 1096, 1114.) Radical Studios has not complied with this requirement. Accordingly, we deny its request.

12

## DISPOSITION

The judgment is affirmed.  Radical Studios, Inc. shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:


EDMON,  P. J.


NGUYEN (KIM), J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.